STATE ex rel. LA POINT, Relator, v. DISTRICT COURT
ET AL., Respondents.

(No. 5,402.)

(Submitted October 19, 1923. Decided November 9, 1923.)

[220 Pac. 88.]

*Husband and Wife—Divorce—Separate Maintenance—Juris-
diction—Common Law—Statutes.*

Husband and Wife—Willful Neglect—Separate Maintenance Allowable
Independently of Action for Divorce.
1.  *Held,* that the district court in the exercise of its equity juris-
diction may grant a wife a decree for separate maintenance, together
with alimony, suit money and attorney's fees pending suit, asked
for on the ground of willful neglect, independently of an action
for divorce, and that it is not divested of such jurisdiction under
the maxim *"expressio unius est exclusio alterius"* by the provision
of .section 5769, Revised Codes of 1921, that in case of willful
desertion the wife may, without applying for a divorce, maintain
such an action.

Statutes—Continuance of Common Law—Abrogation—How Effected.
2.   Statutes are but continuations of the basic common law and are
not presumed to make any alterations in it further than is ex-
pressly declared, and a statute made in the affirmative, without
any negative expressed or implied, does not take away the common
law, the rules of which are not to be overturned except by clear
and unambiguous language.

Original application by the State on the relation of O'Brien
La Point, for Writ of Prohibition, against the District Court of
the Second Judicial District in and for the County of Silver
Bow, and Joseph R. Jackson, a Judge thereof. Motion to
quash sustained.

*Mr. Timothy F. Nolan,* for Relator, submitted a brief and
argued the cause orally.

*Mr. J. J. Bourquin, Mr. H. A. Tyvand* and *Mr. John F.
Emigh,* submitted a brief; *Mr. Emigh* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

On or about the tenth day of September, 1923, Violet La
Point, as plaintiff, commenced an action in the district court

of Silver Bow county against O'Brien La Point, as defendant, to obtain a decree of separate maintenance. In her complaint she alleged her marriage with the defendant on the twenty-fourth day of January, 1923; that she had resided in the state of Montana for more than one year next preceding the commencement of the suit; that there was living as the issue of her marriage with the defendant a minor child, Juanita La Point, born on the twenty-fifth day of August, 1923; that said child was in her custody; and that she was a fit and proper person to care for her. She further alleged that since the twenty-third day of August, 1923, the defendant had neglected to provide the common necessaries of life for the plaintiff and her minor child, although he had the ability to do so; that she had no money or property of her own with which to maintain herself and the child; that $75 a month was a reasonable and necessary amount to be allowed to her for that purpose; that $200 was a reasonably necessary sum to be paid by her to her attorney for prosecuting the action; and that $50 was a reasonable sum to be allowed for court costs.

On the filing of the complaint, Honorable Joseph R. Jackson, the district judge in whose court said action was pending, issued an order requiring the defendant to show cause why he should not be compelled to pay alimony *pendente lite,* together with attorney's fees and court costs. On the return day of the order the defendant appeared and filed a motion to dismiss the same on the ground that the complaint did not state facts sufficient to constitute a cause of action, which motion was subsequently overruled by the court, and the order to show cause was heard upon its merits. At the conclusion of the hearing an order was made requiring the defendant to pay to the plaintiff as alimony during the pendency of the action the sum of $40 per month, and also an attorney fee of $50. Subsequent to the making of this order the defendant in the action filed his petition in this court asking for a writ of prohibition directing the above-named district court and the judge thereof to annul, vacate and set aside the or-

der requiring him to pay alimony and attorney's fees, and to refrain from further proceeding thereunder. Upon the filing of the petition an alternative writ of prohibition was issued out of this court requiring the respondents to appear and show cause why such writ should not be granted. On the return day respondents appeared and filed a motion to quash the writ on the grounds that the petition does not state facts sufficient to entitle relator to the relief asked, and that the court was without jurisdiction. The matter was argued and submitted to this court for determination.

Under the arguments and briefs of counsel, the sole question presented for decision is whether, under the laws [1] of this state, a wife can maintain an action for separate maintenance on the ground of willful neglect independent of an action for divorce.

Counsel for relator contends that this cannot be done, and his argument runs along this line: He cites section 5736, Revised Codes of 1921, which provides that absolute divorces, separations from bed and board, or decrees of separate maintenance may be granted for the causes therein enumerated, amongst them (3) willful desertion and (4) willful neglect; also section 5747, which declares that willful desertion or willful neglect must continue for the space of one year before there is ground for divorce; and section 5769, providing that while an action for divorce is pending the court or judge may require the husband to pay as alimony any money necessary to enable the wife to support herself and children, or to prosecute or defend the action, and "when the husband willfully deserts the wife, she may, without applying for a divorce maintain in the district court an action against him for permanent support and maintenance of herself and children," and the court may "during the pendency of such action * * * require the husband to pay as alimony" the necessary funds to enable her to prosecute "the action and for support and maintenance."

From a consideration of these sections, counsel argues that since section 5769, *supra*, is the only one which makes provision for the allowance of alimony *pendente lite* and suit money, and as that section makes a specific provision that an action for separate maintenance may be maintained on the ground of willful desertion before the expiration of the time required to make it a ground for divorce, and that being the only exception under the statute, therefore an action for separate maintenance on any ground other than willful desertion cannot be maintained until such time as the basis of complaint has ripened into a cause for divorce and an action for divorce is joined therewith. From this he contends that, since the complaint in the action filed in the district court does not contain an allegation that the willful neglect had continued for a period of one year, but, on the contrary, affirmatively shows that plaintiff and defendant had been married for less than one year, and that the alleged willful neglect had continued for a space of only seventeen days, the plaintiff does not and cannot state facts sufficient to give the court jurisdiction of the subject matter.

If the power of the court to entertain an action for separate maintenance is limited by these provisions, relator's contention might have merit. In *Edgerton* v. *Edgerton,* 12 Mont. 122, 33 Am. St. Rep. 557, 16 L. R. A. 94, 29 Pac. 966, this court decided in 1892 that the district court in the exercise if its equity jurisdiction had authority to grant separate maintenance to a wife, independently of an action for divorce, when it was shown that the husband had abandoned her without cause, or by his cruelty or other improper conduct had given her cause for living separate and apart from him.

In *State ex rel. Wooten* v. *District Court,* 57 Mont. 517, 9 A. L. R. 1212, 189 Pac. 236, it was held that the defendant wife in an action brought by her husband for the annulment of the marriage was entitled to alimony, suit money and attorney's fees, *pendente lite,* although the statute giving the court jurisdiction to entertain such an action made no provi-

sion therefor. In the course of the opinion the court said: "The overwhelming weight of authority * * * holds that the right to award alimony in matrimonial cases is a part of the fundamental jurisdiction of courts of equity in all cases where authority is granted to the courts to hear and determine such causes."

Counsel for relator does not question the doctrine of the cases of *Edgerton* v. *Edgerton* and *State ex rel. Wooten* v. *District Court, supra,* but claims they have no application to this case because of an implied limitation which he argues is contained in section 5769, *supra;* that is, he seeks to apply the rule comprehended in the maxim that the expression of one thing is the exclusion of others. It therefore becomes necessary to inquire into the results which flow from the en-
[2]   actment of this statute, which at most is a mere declaration of the common-law rule that had existed long prior to its passage and was not therefore a new enactment of law.

Section 10704, Revised Codes of 1921, is as follows: "The provisions of this Code, so far as they are substantially the same as existing statutes or the common law, must be construed as continuations thereof, and not as new enactments." Referring to just what is meant by the "common law," in *Ætna Accident & Liability Co.* v. *Miller,* 54 Mont. 377, 382, L. R. A. 1918C, 954, 170 Pac. 760, Mr. Justice Sanner said: "Broadly speaking, it means, of course, the common law of England; but it means that body of jurisprudence as applied and modified by the courts of this country up to the time it became a rule of decision in this commonwealth."

Section 10703, Revised Codes of 1921, is as follows: "In this state there is no common law in any case where the law is declared by the Code or the statute; but where not so declared, if the same is applicable and of a general nature, and not in conflict with the Code or other statutes, the common law shall be the law and rule of decision."

Sections 10704 and 10703, above, were enacted as sections 3454 and 3452, respectively, of the Code of Civil Procedure of

1895, and have been in force at all times since. Under identical statutory provisions the supreme court of California, in *Quist* v. *Sandman,* 154 Cal. 748, 99 Pac. 204, *Michaelson* v. *Fish,* 1 Cal. App. 116, 81 Pac. 661, *Lux* v. *Haggin,* 69 Cal. 255, 384, 4 Pac. 919, 10 Pac. 674, and *Sharon* v. *Sharon,* 75 Cal. 1, 13, 16 Pac. 345, has held that statutes are but continuations of the basic common law, and that when the statute is either silent or ambiguous, in order to determine rights under it an examination of both the common law and the statute is necessary.

Our Code further recognizes the continuance of the common law, and that the codification does not embrace the whole body of the law in section 10545, Revised Codes of 1921, where it is said, "Laws whether organic or ordinary are either written or unwritten," and in section 10549, *Id.,* which is as follows: "Unwritten law is the law not promulgated and recorded, * * * but which is, nevertheless, observed and administered in the courts of the country. It has no certain repository, but is collected from the reports of the decisions of the courts and treatises of learned men."

It will be observed that the provisions of section 5769, *supra,* under consideration, are affirmative in character, and contain no negative expressions. "It has been said that statutes are not presumed to make any alterations in the common law further than is expressly declared, and that a statute made in the affirmative without any negative expressed or implied does not take away the common law." (25 R. C. L. 1954, sec. 180.)

The rules of the common law are not to be overturned except by clear and unambiguous language. (*Ryalls* v. *Mechanics' Mills,* 150 Mass. 190, 5 L. R. A. 667, 22 N. E. 766.)

In Endlich on Interpretation of Statutes, 127, the rule is thus stated: "The principle is recognized that an intent to alter the common law beyond the evident purpose of the Act is not to be presumed. It has been expressly laid down that 'statutes are not presumed to make any alteration in the com-

[69 Mont. 29.]

mon law further or otherwise than the Act does expressly de-
clare; therefore in all general matters the law presumes the Act
did not intend to make any alteration:  *  *  *  the rules of
the common law are not to be changed by doubtful implica-
tion.' ''  (See, also, Potter's Dwarries on Statutes & Consti-
tutions, p. 185; 2 Lewis' Sutherland on Statutory Construc-
tion, 2d ed., secs. 454, 455.)

The case of *Yazoo & Mississippi Valley Rd. Co. v. Scott*, 108
Miss. 871, Ann. Cas. 1917E, 880, L. R. A. 1915E, 239, 67
South. 491, arose out of an action for personal injuries.
Upon the first trial in the lower court Scott prevailed and
was awarded $100 damages.  On appeal he obtained a reversal
for the reason that the damages awarded were inadequate.
In reversing the judgment however, the new trial directed
was restricted to the ascertainment of damages only, and
in so far as it settled the question of liability the judgment
was permitted to remain in full force and effect.  A second
trial resulted in a verdict in favor of Scott for $6,750.  The
railroad company took an appeal and contended that the
supreme court was without power to direct that the case
should be tried on the question of damages only, and therefore
the trial court had erred in restricting the trial to that is-
sue.  One of the propositions raised by the appellant was
that since the Code had given the supreme court authority
in some instances to reverse a case partially, and the right
to grant a retrial on the issue of damages only was not
among those enumerated, it was excluded by implication.
In rejecting this contention, after pointing out that at com-
mon law an appellate court had the inherent power to award
a new trial on the issue of damages only, the court said:
''In arriving at our conclusion in this matter we have not
left out of view the suggestion of counsel for appellant that
under the rule of '*expressio unius est exclusio alterius*' the
grant of power to this court to reverse partially contained in
sections  *  *  *  of the Code, impliedly prohibits it from so
doing in cases not coming within the provisions of these sec-

tions. In so far as the right of this court to limit the issues when ordering a new trial is derived from the common law this rule has no application. A great many of our statutes dealing not only with the substantive, but also with the adjective, law consist merely of codifications, sometimes general, but in most cases only partial, of some particular rule or principle of the common law; and, should the courts hold that, when any rule or principle of the common law is by the legislature partially incorporated into a statute, the remainder of the rule is thereby repealed or annulled, endless trouble and confusion would result, necessitating in all cases a complete codification of the subject dealt with by the statute.''

It is our conclusion that under the foregoing rules of construction, the district court sitting in equity is not divested of jurisdiction to grant a decree of separate maintenance independent of an action for divorce, by the exception contained in section 5769, *supra.*

The contention of counsel for the relator seems to be negatived by section 5768, Revised Codes of 1921, which provides: ''Though judgment of divorce is denied, the court may, in its discretion, in an action for divorce, provide for the maintenance of the wife and her children, or any of them, by the husband.'' Assume that the wife commenced an action for divorce on the ground of willful neglect and in her complaint by mistake or otherwise alleged that the same has continued for a period of more than one year, but on the trial it developed that it had continued for only a period of nine months, or for any period of time less than one year, and for that reason alone the court denied a judgment for divorce, still under the above section the court in its discretion could award maintenance and support to the wife and children. It is not reasonable to assume that it was the intent of the legislature to authorize the court to award maintenance and support to the wife where she has come into court with an allegation which, so far as the statutory

period of time is concerned, is intentionally or otherwise untrue, and to deny the relief when she truthfully states the fact. This section is not limited to a case where divorce is sought on any particular ground, but applies generally to all actions for divorce.

Section 5784, Revised Codes of 1921, makes it the duty of the husband to support his wife out of his property or labor, and by the provisions of section 5800, if he neglects to do so (unless the wife has abandoned him without justification), any person may in good faith supply her with articles necessary for her support and recover value therefor from him.

Considering the fact that under the common law as it existed in this jurisdiction when our Codes were adopted, it was recognized that a court of equity had inherent authority to grant a wife separate maintenance independent of an action for divorce, and that no statute has been enacted to take away this right; that the right to grant maintenance without a decree of divorce is recognized by section 5768, *supra,* and that the statute expressly imposes upon a husband the duty to support his wife, we conclude that the court is possessed of power to grant a decree for separate maintenance, together with alimony, attorney's fees, and suit money, during the pendency of an action instituted for that purpose, irrespective of any statute granting the same, and without the necessity of joining therewith an application for divorce, or stating facts which would entitle her to maintain such an action.

Such being the law, it follows that the motion to quash the alternative writ issued in this proceeding should be sustained, and it is so ordered.

ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.

MR. CHIEF JUSTICE CALLAWAY: In view of the decisions of this court and the statutes cited by Mr. Justice STARK, I believe the conclusion reached in this cause is justified, but I do not agree with all that is said in the foregoing opinion.