# IN RE PETITION OF MINNESOTA STATE BAR ASSOCIATION FOR INTEGRATION OF THE BAR OF MINNESOTA.[1]

## No. 33,217.

### ORDER DISMISSING PETITION

PURSUANT to the petition[2] of the Minnesota State Bar Association filed herein, and after due consideration,

IT IS ORDERED that the above petition be, and the same is hereby dismissed without prejudice and without further consideration upon the merits.

Dated February 5, 1948.

BY THE COURT

CHARLES LORING

CHIEF JUSTICE

---

[1]Reported in 34 N. W. (2d) 157.

[2]IN THE MATTER OF THE PETITION OF MINNESOTA STATE BAR ASSOCIATION FOR INTEGRATION OF THE BAR OF MINNESOTA.

### PETITION FOR DISMISSAL

Your petitioner, Minnesota State Bar Association, respectfully shows the above [Supreme] Court:

I.

That in the above entitled proceeding, on December 17, 1943, the above Court entered and filed a decision (In re Petition for Integration of the Bar of Minnesota), which said decision is found in 216 Minn. 195, 12 N. W. (2d) 515.

II.

That at the 1947 Annual Convention of the Minnesota State Bar Association, held in Minneapolis, on June 26 and 27, 1947, said Association duly adopted the following resolutions:

1. That the Committee (on Integration) be continued until a final disposition of this matter has been made.

2. That any submission of the issue of "integration" to plebiscite or referendum be on the basis of a definite proposed plan of organization of an integrated bar complete in essential details.

3. That any plebiscite or referendum taken to ascertain the sentiment of Minnesota lawyers for or against "integration" be by secret ballot, in manner similar to a judicial preference vote.

### III.

That on or about November 1, 1947, your petitioner mailed to each lawyer admitted to practice in the state of Minnesota, whose name and address is known to the Association, a copy of the State Bar Association's Constitution and By-Laws, a copy of a proposed petition to the above court, a true and correct copy of which is hereto attached and marked exhibit "A," together with a ballot, a true and correct copy of which is hereto attached and marked exhibit "B." That together with said petition, exhibit "A," and said ballot, your petitioner mailed to each of said lawyers a letter, a true and correct copy of which is hereto attached and marked exhibit "C."

### IV.

That thereafter your petitioner appointed a Special Committee designated as a "Balloting Committee," composed of Messrs. James D. Bain, Herbert W. Estrem, Daniel F. Foley, and W. W. Gibson, all of Minneapolis, for the purpose of counting and posting such ballots as would be returned and voted.

That on December 6, 1947, said "Balloting Committee" counted and posted said ballots and thereupon filed with the Secretary of petitioner a certificate as to the results of said balloting; that said certificate shows that there were cast 2,188 ballots and that 28 of said ballots were rejected because they had not been properly cast; and out of 2,160 properly cast ballots, 1,079 ballots were voted for integration and 1,081 ballots were voted against integration. That of the 20 local Bar Associations in the State of Minnesota, 16 voted in favor of integration and four voted against integration. That a true and correct copy of said certificate is attached hereto and marked exhibit "D."

### V.

That on January 17, 1948, at St. Paul, Minnesota, the Board of Governors of your petitioner held its regular midwinter meeting. That regularly on the agenda of said meeting was the consideration by said Board of a report and resolution of the State Bar Association's Committee on Integration. That the following resolution was adopted:

"BE IT RESOLVED that the officers of the Minnesota State Bar Association be authorized and directed to take the proper steps to petition the Supreme Court of Minnesota in the Matter of the Petition to Integrate the Bar of Minnesota now pending before it, for authority to dismiss said petition without further consideration thereof by said Court and for the order of said Court dismissing said petition without prejudice and without further adjudication of said petition upon the merits."

Wherefore, your petitioner prays for the order of the above Court granting this petition and without notice or hearing entering its order for the dismissal of the petition now pending, without prejudice and without further consideration upon the merits.

Dated February 4, 1948.

MINNESOTA STATE BAR ASSOCIATION
By Horace Van Valkenburg, President
Paul C. Thomas, Vice President
Charles B. Howard, Secretary
Stephen Schmitt, Treasurer