IN RE INTEGRATION OF THE BAR.*

*May 8—June 22, 1956.*

* Motion for rehearing denied, without costs, on September 11, 1956.

A brief has been filed for integration by Messrs. Alfred E. La France, Glenn R. Douglas, Jacob F. Federer, C. E. Fugina, George S. Geffs, Alfred L. Godfrey, Ray B. Graves, Quincy H. Hale, E. Harold Hallows, Lawrence E. Hart, Leo C. Hartman, Gerald P. Hayes, Carroll R. Heft, Robert D. Johns, Robert J. Joling, Warren P. Knowles, A. W. Kopp, William F. Krueger, John A. Lawton, Harold F. Lichtsinn, John P. McGalloway, Otto A. Oestreich, Theron P. Pray, Bailey E. Ramsdell, Robert M. Rieser, Carl B. Rix, Harlan B. Rogers, Edmund B. Shea, John S. Sprowls, Herbert L. Terwilliger, Oscar T. Toebaas, T. L. Tolan, Jr., Frederick N. Trowbridge, and Francis J. Wilcox, on behalf of the State Bar Association; in opposition briefs have been filed by Messrs. William B. Rubin, J. G. Hardgrove, William H. Spohn, James D. Porter, James N. Johnson, Norman H. Quale, Donald E. Porter, James F. Cleary, Irving W. Zirbel, Raymond T. Zillmer, Henry C. Oakey, David S. August, Ronald F. North, Orville E. Fehlhaber, Milwaukee Junior Bar Association, Rusk County Bar Association, and the firm of Dougherty, Ryan & Campbell.

The matter was argued orally on May 8, 1955, for integration by Messrs. Alfred E. La France, Francis J. Wilcox, T. L. Tolan, Jr., Carl B. Rix, and Harold F. Lichtsinn; in opposition thereto by Messrs. William B. Rubin, William H. Spohn, David S. August, David E. Beckwith, Noreen G. Bengston, William J. P. Aberg, Glen R. Campbell, Christ Alexopoulos, James N. Johnson, and T. L. Lathrop.

PER CURIAM.   This is the third time that this matter has received the attention of this court.  See *Integration of Bar Case,* 244 Wis. 8, 11 N. W. (2d) 604, 12 N. W. (2d) 699, and *In re Integration of Bar,* 249 Wis. 523, 25 N. W. (2d) 500.  In those decisions legal and constitutional questions involving the enactment of ch. 315, Laws of 1943, now sec. 256.31, Stats., were considered and answered.  It was held that said statutory provision is not binding upon the court but was an expression of public policy by the legislature.  It was held that this court, by reason of its inherent powers, may require the bar to act as a unit to promote high standards of practice and the economical and speedy enforcement of legal rights.

In the first decision it was held that the bar should not be integrated while so many attorneys were engaged in the war effort.  In the second decision it was intimated that the objectives sought to be obtained by integration could be attained by an adequately supported voluntary association, and the court advocated complete and wholehearted support of the voluntary association by the individual members of the bar.  Many individual members of the bar did respond to that suggestion, but it is now reported that too many lawyers have refrained or refused to join, that membership in the voluntary association has become static, and that a substantial minority of the lawyers in the state are not associated with the State Bar Association.

Able attorneys presented arguments both for and against the granting of the petition.  Apparently the same arguments have been made in other states.  114 A. L. R. 151; 151 A. L. R. 586; and *Petition of Florida State Bar Asso.* 40 So. (2d) 902.  It is unnecessary to repeat the arguments here.

Twenty-four states now have integrated bars.  Some have been integrated in response to legislation such as we have in

this state and some under the inherent power of the high courts of the various states.

Two incidents have occurred during the proceedings here that are of importance. When the petition was presented to us the question of giving notice to as many lawyers as possible arose. Although the rolls of this court contain the names of lawyers who have been here admitted to practice with their addresses at the time of admission, we have no current list of practicing attorneys. The voluntary Bar Association has but few names on its records of lawyers who are not members of the association. Resort was had to a commercial law list which contained the names of more Wisconsin lawyers than any other list available. We feel that such list was far from complete.

During the current month we have admitted approximately 100 young men and women to the bar. They have appeared before us armed with their diplomas from Marquette University or from the University of Wisconsin. They have been vouched for by the deans of their respective law schools, and they have been admitted. By their admission we have made them officers of the courts of this state. As such officers they are entitled to our supervision and control. However, when they leave the courtroom they are out of sight and out of mind. Except in the few instances where individuals are reported to this court for disciplinary action, we know nothing of them unless they appear before us in the presentation of cases or unless we meet them at bar meetings or socially.

The Bar Association has been engaged in many activities of benefit to the bar and to the public. It has been generous in asking nonmembers to participate, but many lawyers are unable to so participate and thus discharge their obligations to the public, to the courts, and to their fellow practitioners, because of lack of notice. Thus we are impressed with the conviction that this is another important reason for integra-

tion, to wit: The registration of all lawyers now practicing in the state.

The best answer to the arguments against integration is the fact that all of the 24 states which have integrated their bars have continued the practice. We feel, therefore, that integration of the bar should be tried. The results thereof will be what the bar and the court make of it. If integration does not work, this court can change the rules to meet any situation that arises or it can abandon the plan. It is our opinion, however, that the bar of Wisconsin should be integrated when proper rules for the structural organization and government thereof and the definition of the rights, obligations, and conditions of membership therein are determined.

It is the consensus of opinion of this court that the State Bar of Wisconsin be integrated when proper rules and procedures have been adopted by further order of the court. The petitioners are hereby directed to draft proposed rules for the integration of the State Bar and to submit the same to the court on or before September 20, 1956. The court will thereafter, by appropriate order, fix a time for hearing thereon and for giving notice thereof.