IN RE INTEGRATION OF THE BAR.

*November 21—December 22, 1958.*

The hearing was held on November 21, 1958. The report of the board of governors was presented and orally argued by *Robert D. Johns* and oral arguments or briefs in opposition to the continuance of the integrated bar or for changes in the rules and in the by-laws were made or filed by *Trayton L. Lathrop, Arnold C. Otto, Milwaukee Junior Bar Association, Meyer Papermaster, Samuel P. Murray, Thomas P. Maroney, Brooke Tibbs,* and others.

PER CURIAM. The issue before this court is whether the integrated State Bar of Wisconsin should be continued and if so what amendments, if any, to the rules and by-laws should be made. The integrated bar in this state has existed for almost two years. Its birth in Wisconsin was an experiment which this court had considered on several previous occasions and finally decided ought to be tried for an initial period of two years.

The history of integration is adequately set forth in the previous decisions of this court. *Integration of Bar Case* (1943), 244 Wis. 8, 11 N. W. (2d) 604; *In re Integration of Bar* (1946), 249 Wis. 523, 25 N. W. (2d) 500; *In re Integration of Bar* (1956), 273 Wis. 281, 77 N. W. (2d) 602. The present rules and by-laws of the State Bar of Wisconsin were adopted and promulgated and the bar integrated by order of this court on December 7, 1956, to be effective for two years commencing January 1, 1957, subject to amendment as provided in the rules and by-laws or at any time by order of this court. See Integration of the Bar (1956), 273 Wis. p. vii. (Order, Opinion, State Bar Rules, and State Bar By-laws.)

During these two years the board of governors made two minor changes in the by-laws—one clarifying the provisions relating to dues for younger members, and the other simpli-

fying the election procedure. Both changes were reported to this court and no petition for review by the members of the State Bar was filed expressing objection to these amendments as provided in Rule 11, sec. 2.

Under integration the State Bar has increased its services to the lawyers of this state, promoted the high standards of the members of the profession, and increased its contribution to public service and to the administration of law and justice. The State Bar is in a sound financial condition and its membership is greater in number than was reasonably expected. The acceptance of the integrated State Bar by its members and by the public during these two years has been satisfactory. At this point we wish to commend the board of governors for the adoption of the legislative procedure and working rules proposed by Alfred E. La France's committee whereby the State Bar can fulfil its responsibility in legislative matters with fairness to all members and for the adoption of the resolution providing that any member may present any matter to the board of governors at any time.

The objections and fears of the opponents to integration have not materialized. The arguments advanced for not continuing the integrated bar are the same or similar to the arguments heretofore considered and disposed of by this court. None of them is grounded upon the experience of the last two years with the integrated bar which has functioned well and successfully. Perhaps this was to be expected. At the time of the integration of the bar there were 24 other states in which the bar had been integrated and no supreme court, to our knowledge, which integrated the bar of its state by rule of court has found the integrated bar to be unworthy of its existence. As recently as 1955 the Alaska Bar Association was integrated by the Alaska territorial legislature. One of its contributions was the preparation of a proposed article on the judiciary for submission to the constitutional convention. Many of its proposals are now found in article IV

of the constitution of Alaska. See, A Model Judiciary for the 49th State, Stewart, 42 Journal of the American Judicature Society, August, 1958, No. 2, p. 52. Annotations on the problems of integration are found in 114 A. L. R. 161, and 151 A. L. R. 617. For a study of the integrated bars in other states, see Brand, Bar Associations, Attorneys, and Judges.

We must reiterate, the primary duty of the courts as the judicial branch of our government is the proper and efficient administration of justice. Members of the legal profession by their admission to the bar become an important part of that process and this relationship is characterized by the statement that members of the bar are officers of the court. An independent, active, and intelligent bar is necessary to the efficient administration of justice by the courts. The labor of the courts is lightened, the competency of their personnel and the scholarship of their decisions are increased by the ability and the learning of the bar. The practice of the law in the broad sense, both in and out of the courts, is such a necessary part of and is so inexorably connected with the exercise of the judicial power that this court should continue to exercise its supervisory control of the practice of the law.

The integration of the bar is no more undemocratic than the requirement of learning and good moral character of all who seek the privilege of practicing law. All members had the same opportunity and have freely chosen a profession subject traditionally to discipline and control by the courts. It is not undemocratic to require those who are privileged to practice law and are intrusted with the duty to secure or protect the property, rights, and liberties of others to become bound together in a united effort to increase their own capabilities, to maintain the high standards of the group, and to increase the effectiveness of their service to the public. The integrated bar has been defined as "the process by which every member of the bar is given an opportunity to do his

share in carrying out the public service of the bar and obliged to bear his portion of the responsibility." Most objections have centered around the obligation to bear a portion of the responsibility. In the nature of things every privilege has a correlative obligation.

The integrated bar does not destroy either the independence of the bar or of the individual lawyers. The State Bar of Wisconsin was not intended to control and there is no evidence or intimation that it has controlled or attempted to control the thinking of any of its members. When the State Bar of Wisconsin through its board of governors, an elected representative policy-making body, duly decides a policy within its province on behalf of the State Bar everyone understands or should understand the policy is that of the State Bar as an entity separate and distinct from each individual. Such pronouncement of the State Bar does not necessarily mean all of its members agree with that pronouncement, nor is it necessary for them to do so. Individual members are free to think and to express their own opinions. But it is the nature of a representative democratic organization that the elected representatives of the group speak and act for it in accordance with its organic laws.

The rules of the State Bar of Wisconsin are rules promulgated by this court. They form the framework of the organization and Rule 1, sec. 2, provides:

*"Section 2. Purposes.* The purposes of the association shall be to aid the courts in carrying on and improving the administration of justice; to foster and maintain on the part of those engaged in the practice of law high ideals of integrity, learning, competence, and public service and high standards of conduct; to safeguard the proper professional interests of the members of the bar; to encourage the formation and activities of local bar associations; to provide a forum for the discussion of subjects pertaining to the practice of law, the science of jurisprudence and law reform, and the relations of the bar to the public, and to publish information

relating thereto; to the end that the public responsibilities of the legal profession may be more effectively discharged."

The other rules deal with the conditions of membership, the officers, the board of directors, and the executive committee. Democratic procedure is provided for membership meetings and for membership referendum. Rule 10 provides for grievance committees and procedures for the investigation of grievances, for the protection of the members of the bar, and for the protection of the public. The integrated bar has no power to discipline or to disbar any member. That power has been reserved to and not delegated by this court. The procedure under sec. 256.28, Stats., for filing complaints for discipline or disbarment in this court is unaffected by these rules. Rule 11 and Rule 7 provide an orderly and easy method by which proposals to amend or abrogate the rules of the State Bar may be brought before this court for hearing on petition. Rule 9 provides the rules of professional conduct set forth from time to time in the Canons of Professional Ethics of the American Bar Association, as supplemented or modified by pronouncement of this court, shall be the standard governing the practice of law in this state. Prior to the adoption of the rules this court had not expressly adopted such Canons of Professional Ethics *in toto*.

The by-laws of the State Bar provide for the internal workings of the organization and by Rule 11, sec. 2, may be amended or abrogated by resolution adopted by a vote of two thirds of the members of the board of governors or by the members of the association themselves through the referendum procedure. As a further protection to the minority a petition for review of any change in the by-laws made by the board of governors will be entertained by the court if signed by 25 or more active members.

Independently of the provisions in the rules for invoking our supervisory jurisdiction, this court has inherent power to take remedial action, on a sufficient showing that the

activities or policies of the State Bar are not in harmony with the objectives for which integration was ordered or are otherwise contrary to the public interest.

Some suggestions made at the hearing related to changes in the by-laws and in the rules. Some of these seem to have merit but this court believes that all of these suggestions should first be considered by the State Bar and we refer all such suggestions to the board of governors for consideration and action.

We wish to point out that the suggestion to amend sec. 10 of Rule 10 to give the board of governors the power to change the grievance procedure for Milwaukee county and adopt the Milwaukee bar association's procedure to carry out the powers and duties of district 4 grievance committee might destroy the uniformity of the grievance procedure throughout the state, and in addition apply a procedure to members of the State Bar who are not members of the Milwaukee bar association. On the present state of the record we assume a uniform grievance procedure throughout the state will best serve the public interest and the members of the State Bar.

It has been urged upon the court that no poll of the members of the State Bar has been taken by the board of governors to ascertain their desires concerning the continuation of the integrated bar. The usefulness of such a poll was discussed in our opinion *In re Integration of Bar* (1946), 249 Wis. 523, 25 N. W. (2d) 500. Such poll, of course, would be informative but would not be determinative. Responsibility for creating and continuing the integrated State Bar of Wisconsin belongs to the court and its continuation must always rest in the judgment of the court. The rules provide the means through referendum by which the members can secure a poll on any question of policy if sufficient members are dissatisfied with the action of the board of governors. This court does not intend to interfere with the orderly workings of the State Bar unless cause is shown.

One new objection was made, not so much to the continuance of the State Bar as to the limiting of its functions. It was argued the rules of the State Bar should be restricted to pertain only to the discipline of individual members of the bar for professional misconduct in cases duly before this court for determination. The rules proposed in 1946 and rejected by this court indicated no general statement of purpose and no specification of activities excepting those having to do with complaints and grievances. As stated in that opinion, such rules would merely implement without supplementing the work of the state bar commissioners. The power of the court is not restricted in matters of discipline to misconduct connected only with cases pending in this court. The disciplinary power of the court extends to the entire field of the practice of the law by members who have been admitted to practice by this court. When a member of the bar is suspended or disbarred it is from the practice of the law, not only from appearing in court.

In the opinion *In re Integration of Bar* (1946), 249 Wis. 523, 25 N. W. (2d) 500, the court assumed it would be required to censor the budget and activities of the bar after integration. Certain activities were pointed out for which the integrated bar could not use its dues. The two years' experience with the integrated bar in this state has proven and we now believe that such detailed supervision is not desirable or essential to the existence of the integrated bar. This court thought by the adoption of the present State Bar rules and by-laws many of the statements made in the decision of 1946 were implicitly rejected. To clarify the point, the language of our previous opinions contrary or inconsistent with the present State Bar rules and by-laws promulgated by this court and this opinion is overruled. The integrated State Bar of Wisconsin is independent and free to conduct its activities within the framework of such rules and by-laws. Within their confines this court expects the bar to act freely and inde-

pendently on all matters which promote the purposes for which the bar was integrated subject to the general supervisory power of the court. These rules and by-laws constitute a democratic process by which members of the bar can govern themselves and can act in unison and by which minorities are protected; and they provide appropriate procedures for invoking the supervisory power of this court.

It is ordered that the State Bar of Wisconsin be and it hereby is continued.