347 P.2d 162

Application of C. B. SEDILLO for Admission to State Bar of New Mexico.

No. 6564.

Supreme Court of New Mexico.

Nov. 24, 1959.

John W. Chapman, C. B. Sedillo, pro se, Santa Fe, for applicant.

A. T. Seymour, Albuquerque, amicus curiae.

CARMODY, Justice.

This is an original proceeding by C. B. Sedillo, asking that he be granted, on motion, a license to practice law.

The precise question involved is whether the legislature or the court has the power to determine the qualifications of a person seeking to practice law.

Applicant does not question, and actually admits, the inherent power of the court to grant or withhold the rights of admission to the practice of law. In fact, the following statement is made in his brief:

"The petitioner is aware of, and accepts, the generally conceded rule that the power to admit a person to the practice of the law is inherent in the judiciary and that such power is not subject to legislative control."

However, the position of the applicant is that this court has long acquiesced in the exercise by the legislature of the promulgation of rules for and qualifications of those seeking to be admitted to practice law, and that in view of this the court should not disturb this long-standing policy.

By Chapter 100, Session Laws of 1925, the integrated bar was established in New Mexico. This chapter, as amended, appears commencing at § 18–1–2, 1953 Compilation. For the purpose of this case, it need only be noted that § 18–1–7 provides as follows:

"The Supreme Court may annul or modify any rule, regulation or by-law adopted by the board relative to discipline or admission to the bar."

§ 18–1–8 provides as follows:

"With the advice and approval of the Supreme Court, the board shall have power to constitute and appoint five (5) members of the state bar as a special committee to examine candidates for admission to the bar as to their qualifications, and to recommend such as fulfill the same to the Supreme

Court for admission to practice under this act. The approval by the Supreme Court of such recommendations shall entitle such applicants to be enrolled as members of the state bar and to practice law, upon taking oath to support the Constitution and laws of the United States and the state of New Mexico. Such special committee shall be known as the state board of bar examiners and, until its appointment, its powers and duties shall be exercised and fulfilled by the present existing board of bar examiners, and, until the adoption of rules prescribing the requirements for admission to the bar, such requirements shall be as prescribed by the board of bar examiners."

Pursuant to the above two sections of the statute, rules governing admission to the bar were adopted, and it appears that in every case, either of adoption or amendment thereto since 1934, the rules were specifically approved by order of the supreme court.

■ The authority granted by statute to the board of commissioners is supplemented, if not completely embraced, by the adoption by the supreme court of its rule No. 3, compiled as § 21–2–1(3), which gives to the board of commissioners the power to determine and prescribe by rules the qualifications and requirements for ad-

mission to practice law. Pursuant to the authority granted, the commission promulgated certain rules, the only one of materiality to this case being in its present form as follows:

"2. No person, other than those admitted on certificate from other states, shall be granted a license to practice law in this state or shall be entitled to take examination for admission to the Bar unless such person shall have graduated from a law school approved by the American Bar Association as meeting the standards of that Association."

The above rule was adopted by the board of bar commissioners on January 9, 1934, although it did at that time have an additional provision relating to those who had commenced a course of study at variance with the rule prior to its adoption date, but this was subsequently eliminated. However, the supreme court, by a formal order entered on January 12, 1934, which set out the above and other rules, approved their adoption. Since 1934, the court, on at least nine occasions, by a formal order entered in its records, has adopted and approved amendments, not only to the above quoted rule, but to other rules recommended by the board of commissioners. Mention of these matters is made to show that the court, for at least the last twenty-five years, has participated actively in the establishing

of the qualifications of prospective members of the bar.

The applicant here is apparently unable to meet the educational qualification of the rule, but bases his request for admission on motion upon § 18-1-26, N.M.S.A., 1953 Comp., as amended, being Chapter 106, § 1, of the Session Laws of 1957, which provides, insofar as material, as follows:

"Provided further that nothing in this act shall be construed to prohibit persons who are citizens of the United States and of the state of New Mexico, and who. have resided in the state of New Mexico for more than twenty [20] years, and who shall have studied law for more than three [3] years in a law office and under the direction of some member of the bar of this state, or in a law school, and who shall have practiced before one [1] or more of the United States land offices in this state and the general land office of the department of the interior from time to time for twenty [20] years or more, and who shall be vouched for as to his integrity, honesty and respect for moral ethics, by six [6] reputable lawyers of the state of New Mexico who are members of the bar of this state in good standing; and the board of bar examiners on application of any person who possesses the qualifications herein specified shall recommend to the Supreme Court his admission to the bar on motion and the Supreme Court shall issue to such person a license to practice law in all the courts of the state."

It is obvious that the legislative act established educational requirements which were less than those provided for by the rule. Legislation of this type is held to be an invasion of the power of the judiciary in at least sixteen jurisdictions, and there are perhaps three holding otherwise. See 144 A.L.R. 150 for a very comprehensive annotation of cases up to 1943. Two more recent cases on the subject have been decided by the Supreme Courts of Washington and Idaho, and, although applicant seeks to distinguish these cases, from a careful examination of not only these decisions but of the statutes and rules of the courts involved, we feel that they are almost what might be termed "red cow" cases.

In Application of Levy, In re Warnock, 1945, 23 Wash.2d 607, 161 P.2d 651, 654, 162 A.L.R. 805, the Supreme Court of Washington had before it a similar problem to that which is before us, in that the legislature had, by act, provided for the admission to the bar of war veterans on the basis of certain factual requirements at variance with those provided in the rule for admission. It should be mentioned that Washington has an integrated bar just as we do, and, although there is some difference in the wording of their statute, to all

intents and purposes it is almost identical. Their rules as to admission to the bar are called actual rules of court, whereas ours are called rules of the commission, but approved by the court—this amounts to merely a difference of form, not substance. The following language is particularly pertinent, where the court, after quoting from In re Day, 1899, 181 Ill. 73, 54 N.E. 646, 50 L.R.A. 519, with respect to infringement by the legislature on judicial powers, stated:

"Such a pronouncement seems rather startling, in view of the fact, known to everyone, that the legislatures of all of the states, including our own, have repeatedly passed acts regulating admissions to the bar. Are such acts wholly ineffective? The answer to that question is that they are not, in so far as, under the police power, they provide minimum requirements. But the legislative power cannot be exercised in such a way as to deprive the courts of the power to require additional qualifications. We forbear further discussion of this point and omit further citations because the case law on the subject is overwhelmingly, and in fact almost unanimously, contra to Sergeant Warnock's contention."

The Supreme Court of Idaho, in Application of Kaufman, 1949, 69 Idaho 297, 206 P.2d 528, 539, dealt with the problem of a statute which allowed the admission without examination of persons who, in addition to other qualifications, were graduates of the University of Idaho School of Law, or another law school which was a member of the Association of American Law Schools or had been approved by the American Bar Association. This provision of the statute was in conflict with the rule which did not allow such admission without the taking of the examination. That court reviewed in detail the rulings of other jurisdictions which had passed upon the question, including the three which are in the minority, and denied the application for admission without examination, concluding with the following summation which we believe to be a proper pronouncement of the law:

"From a careful and comprehensive analysis of all the above authorities, which include most if not all of the authorities cited by respective counsel and which are closely enough in point to require consideration, the following rules seem to be deducible: First, that the process of admitting to the bar comprehends fixing standards as to mental and scholastic qualifications and determining whether the applicant possesses such requirement; second, that the exercise thereof is a judicial function, inherent in the courts; and third, the legislature may enact valid laws in aid of such functions and may, if in furtherance thereof, fix minimum

272

requirements, but in no event, maximum; and may not require the courts to admit on standards other than as accepted or established by the courts, and that any legislation which attempts to do so is an invasion of the judicial power and violative of the constitutional provisions establishing the separate branches of government and prohibiting the legislature from invading the judiciary."

The applicant admits that if the word "shall" is construed as being mandatory; that the proviso is unconstitutional and void. However, he contends that the word should be read as "may" and that upon doing so the court could recognize the long-standing policy of acquiescence and comity between it and the legislature and thereby admit Mr. Sedillo as a member of the bar. There is authority under which the courts on occasion, in interpreting statutes, have construed a mandatory word such as "shall" to be used as "may," even though the fundamental rule is that they should not be used interchangeably but should be given their ordinary meaning. 50 Am.Jur. 51, § 30. However, the result which we reach makes it unnecessary for us to determine whether the legislative intention is to be construed as permissive or otherwise. Even if the statute had been enacted or were to be construed as permissive, the result would be the same. It would still be an act of the legislature

seeking to have the court lower its standards under those provided by rule. In this connection, a pronouncement by the Supreme Court of Washington in Application of Levy, In re Warnock, supra, contains language which is particularly pertinent inasmuch as the Washington statute, Laws 1945, c. 181, § 7–A, used the words "may be admitted":

"As already stated, counsel for Major Levy does not insist on the admission of his client as a matter of law, but requests it as a matter of grace. He invokes the court's inherent power to admit, and urges that it be exercised in his client's favor. It is true, of course, that the court has the *power* to admit his client, but, since he does not have the qualifications required by the rule, the court cannot exercise that power, while the rule remains in existence, without violating principles of civilized jurisprudence, so elementary as not to require discussion."

Applicant suggests that this might be an opportune time for the court to rule generally on the constitutionality of other portions of the integrated bar statute, but such an issue is not raised and we decline to make any pronouncement in this regard except for the observation that there is a growing well-recognized body of authority which regards the power to integrate the bar as purely a judicial function. See Annotation, 144 A.L.R. 150, and particu-

larly the Wisconsin cases of Integration of Bar Case, 1943, 244 Wis. 8, 11 N.W.2d 604, 12 N.W.2d 699, 151 A.L.R. 586; In re Integration of the Bar, 1946, 249 Wis. 523, 25 N.W.2d 500; In re Integration of the Bar, 1956, 273 Wis. 281, 77 N.W.2d 602; In re Integration of the Bar, 1958, 5 Wis.2d 618, 93 N.W.2d 601.

In closing this opinion, we desire to express to The Honorable A. T. Seymour, a former justice of this court, our thanks and appreciation for the very fair and able manner in which he, as amicus curiae under appointment of the court, has briefed the question involved.

In addition, we should like to state our recognition of the long participation in the affairs of government by Mr. Sedillo and our recognition of his high moral character and fitness, maturity and experience, but, unfortunately, the rules must stand or fall as written, and we cannot allow our sympathies or personal desires to change them or to open the door by making exceptions in individual cases.

The proviso hereinabove set out is an unconstitutional invasion of the judicial powers. Therefore, the applicant's petition for admission will be denied; and it is so ordered.

McGHEE, COMPTON and MOISE, JJ., concur.

LUJAN, C. J., not participating.