No. 12616

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

In the Matter of the Application
of the President of the Montana
Bar Association for the Making of
Rules Governing Admission to the
Bar and the Conduct of its Members,
and for Unification of the Bar of
the State of Montana to Administer
Such Rules.

---

ORIGINAL PROCEEDING:

Submitted: December 17, 1973

Decided: JAN 2 9 1974

Filed: JAN 2 9 1974

*Thomas J. Kearney*
Clerk

PER CURIAM:

On October 16, 1973 an original petition was filed herein requesting this Court (1) to order unification of the Montana Bar and (2) to direct such Unified Bar to present to this Court for adoption proposed rules for its government, admission of attorneys to the practice of law, and for the conduct of its members.

The petition and objections thereto came on for hearing on December 17, 1973. Numerous briefs were filed, oral arguments were heard, and the matter was taken under advisement.

The power of this Court to order unification of the bar is clear. Its inherent power to order unification is established by the following cases: In re Unification of the Montana Bar Ass'n (1939), 107 Mont. 559, 87 P.2d 172; In re Unification of Bar of this Court (1947), 119 Mont. 494, 175 P.2d 773; Application of the Montana Bar Ass'n (1962), 140 Mont. 101, 368 P.2d 158; Application of the Montana Bar Ass'n (1963), 142 Mont. 351, 385 P.2d 99; In re Petition for the Unification of the Montana Bar (1971), 156 Mont. 515, 485 P.2d 945. The 1972 Montana Constitution specifically grants this Court the power to make rules governing admission to the bar and the conduct of its members. Art.VII, Sec. 2, 1972 Montana Constitution.

Previous applications for unification have been denied for the following reasons: (1) Failure to show a need for unification (In re Unification of the Montana Bar Ass'n (1939); In re Unification of Bar of this Court (1947). (2) Members of the bar did not desire unification (Application of the Montana Bar Ass'n (1963). (3) A divided and disinterested bar and a divided Court on the issue of unification (In re Petition for the Unification of the Montana Bar (1971).

Approximately thirty of the fifty states of the United States now have unified bars including our neighboring states of North Dakota, Wyoming, and Idaho, and a substantial majority of all western states.

- 1 -

Arguments advanced by proponents of a unified bar, both in this state and elsewhere, include: (1) the legal profession is better able to police and regulate itself; (2) a unified bar has greater influence in promoting necessary legal reform; (3) a unified bar promotes greater participation, diversity of views and quality of work from the legal profession; (4) local bar associations are promoted by unification; and (5) unification eliminates "freeloaders" and nonparticipants in the obligations of the legal profession such as protection of the public by client security funds, making legal services available to all in need by lawyer referral plans, and similar public obligations and services.

Arguments advanced by opponents of unification include: (1) no necessity exists for unification; (2) compulsory membership deprives an attorney of the fundamental liberty of freedom of choice; (3) conditions have not changed since the last denial of unification in Montana; (4) workable and proven rules for admission to practice and the conduct of attorneys exist outside the framework of unification; and (5) unification deprives an attorney of his property without due process of law and places him in a condition of involuntary servitude in violation of constitutional guarantees.

The controlling consideration on the issue of unification is direct and clear: How is the public best served?

The practice of law is not a private preserve maintained for the benefit of attorneys. An attorney has neither a vested right nor a property right in the practice of law. In re Isserman, 345 U.S. 286, 73 S.Ct. 676, 97 L ed 1013; Bradwell v. The State, 16 Wallace 130 (83 U.S.); Ex parte Garland, 4 Wallace 333 (71 U.S.) Constitutional guarantees do not prohibit unification. Lathrop v. Donohue, 367 U.S. 820, 81 S.Ct. 1826, 6 L ed 2d 1191.

The practice of law exists to provide a needed service to the public. To accomplish this purpose, one who wishes to practice law must initially meet required standards of character; required

standards of education, knowledge and ability; and required standards of ethical conduct---hence rules are required for admission to the bar. Equally important is the continuing nature of these obligations and standards throughout the professional life of an attorney---hence rules are required governing the conduct of those engaged in the legal profession. The vast majority of attorneys practicing in Montana recognizes these requirements and standards and conforms its qualifications and and conduct accordingly. But, individual abuses do exist which damage the legal profession as a whole and render it unable to fulfill its obligations to the public in the highest degree. We would be blinding ourselves to reality were we not to recognize the increasing incidence of such abuses by some individuals in the profession.

The practice of law is a privilege burdened with conditions. Matter of Rouss, 221 N.Y. 81, 116 N.E. 782, quoted with approval in Theard v. United States, 354 U.S. 278, 77 S.Ct. 1274, 1 L ed 2d 1342. Such conditions include: protection of the public from unethical practitioners; continuing legal education; providing for the availability of legal services to all; promoting needed legal reform; to name a few.

Are all practitioners in Montana meeting these obligations? Do all attorneys: Contribute to client security funds? Participate in lawyer referral plans? Initiate or even participate in needed legal reforms? Face the problems of unethical conduct by fellow practitioners? Of course not! Unification of the bar appears to be the best available method of correcting the foregoing abuses and conditions which have, in our view, become worse since the last application was heard. This Court considers action at this time imperative.

Accordingly, it is ORDERED:

(1) Pursuant to the powers of the Montana Supreme Court to govern and control the practice of law in Montana, all persons admitted to the practice of law in this state are hereby unified

into an organization to be known as the Unified Bar of Montana which shall be organized in this manner:

(a) The name of the organization shall be "The Unified Bar of Montana.

(b) The purposes of the Unified Bar of Montana shall be to aid the courts in maintaining and improving the administration of justice; to foster and maintain on the part of those engaged in the practice of law high standards of integrity, learning, competence, public service, and conduct; to safeguard proper professional interests of members of the bar; to encourage the formation, maintenance, and activities of local bar associations; to provide a forum for the discussion of and effective action concerning subjects pertaining to the practice of law, the science of jurisprudence and law reform, and relations of the bar to the public; and to insure that the responsibilities of the legal profession to the public are more effectively discharged.

(c) All persons now or hereafter admitted to practice law before the Supreme Court of this state, excluding judges of courts of record, are declared to be active members of the Unified Bar of Montana. Each active member shall pay the annual attorney license fee provided by law and shall pay such membership dues in the Unified Bar of Montana as are approved by the Montana Supreme Court and contained in the by-laws. Nonpayment of membership dues shall result in suspension of membership and the right to practice law until payment.

(d) A Board of Trustees shall be elected as the governing body of the Unified Bar of Montana from the active members thereof. Such Board shall consist of sixteen trustees, two from each area designated in the order establishing the Commission on Practice contained in the order in Supreme Court Cause No. 10910, dated January 5, 1965. The principle of proportional and area representation as contained therein shall be followed and the

- 4 -

establishment and election of the Board shall be in similar manner as in the order in Supreme Court cause No. 10910, dated January 5, 1965.

(e)  Officers of the Unified Bar of Montana shall include a President, a President-Elect, and a Secretary-Treasurer.  They shall be nominated and elected annually. The President and President-Elect shall be nominated and elected by the active members of the Unified Bar of Montana. The Secretary-Treasurer shall be nominated and elected by by the Board of Trustees but need not be a member of such Board.  The duties, powers, qualifications, nomination and election of officers shall be provided for in appropriate by-laws.

(f)  The Montana Supreme Court shall possess and retain original and exclusive jurisdiction in the enforcement of professional ethics and conduct of members of the Unified Bar of Montana, as provided in the Code of Professional Responsibility as now existing or which may hereafter be adopted.  The practice and procedure of the Commission on Practice of the Supreme Court of the State of Montana as provided in the existing order covering the same in Supreme Court cause No. 10910, dated January 5, 1965, or as the same may hereafter be amended, shall be retained.

(2)  An organizational committee shall be named to draft a proposed Constitution for the government of the Unified Bar of Montana; proposed by-laws in conformity herewith and covering such other subjects as it deems appropriate; and an implemental schedule.  The same shall be submitted to the Montana Supreme Court for approval not later than December 1, 1974.

(3)  The organizational committee shall be appointed by the Supreme Court.

(4)  Notice shall be given by mailing a copy of this order to each attorney licensed to practice by this Court.

DATED this 29th day of January 1974.

Chief Justice

Justices.

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 12616

RE: THE UNIFIED BAR OF MONTANA

ORDER

FILED

FEB -1 1974

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

PER CURIAM:

      In this matter our Order of January 29, 1974, provided for the appointment of an organizational committee with the duties and responsibilities as outlined in paragraph numbered (2) thereof. Paragraph (3) provides for appointment of the members and in accordance therewith the following attorneys are appointed as such members:

> James E. Murphy, Kalispell
> Shelton C. Williams, Missoula
> James E. Purcell, Butte
> John M. McCarvel, Great Falls
> John F. Iwen, Great Falls
> Fred J. Weber, Havre
> Henry Loble, Helena
> Douglas R. Drysdale, Bozeman
> Thomas M. Ask, Roundup
> John A. Hauf, Billings
> Arnold A. Berger, Billings
> Wayne K. Cumming, Sidney

      IT IS FURTHER ORDERED that Henry Loble shall be Chairman and John A. Hauf shall be Vice-Chairman; the committee to appoint such further officers as they deem necessary.

      DATED this 1st day of February, 1974.