IN THE SUPREME COURT OF THE STATE OF MONTANA

-------------
No. 12616
-------------

Re: THE UNIFIED BAR OF MONTANA

--------------------
O R D E R
--------------------

FILED

JAN 23 1975

Thomas J Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

PER CURIAM:

The following order implements Unification of the Bar of
Montana; adopts a constitution and by-laws; and, provides an
implementation schedule.

Previously this Court rendered an order and opinion dated
December 17, 1973, ordering unification of the Bar of the state
of Montana. Subsequently, on February 1, 1974, the Court ap-
pointed an organizational committee to draft a proposed constitu-
tion, by-laws, and an implementation schedule for the unified
Bar. Such committee made its report and this Court entered a
further order on July 11, 1974, characterizing the committee re-
port as generally agreeable, but calling for further consideration
and recommendations in specific areas with a resulting change
in the implementation schedule.

As a result of the further study ordered, the committee filed
a supplemental report on September 3, 1974. The Court hereby ap-
proves the supplemental report but of necessity, caused by this
Court's volume of work, an amended implementation schedule is
herein set forth. Additionally, a second supplemental report by
the Court's committee was filed on December 16, 1974, making
further recommendations for amendments to the proposed by-laws to
provide (1) for a client indemnity bond in Article XI, and (2)
in Article I, Section 4 authorization to impose an assessment upon
the members to provide funds necessary to pay the premium for the
indemnity bond. Such recommendations are adopted and incorporated

- 1 -

hereinafter.

The following Constitution of the State Bar of Montana is adopted:

CONSTITUTION

OF THE

STATE BAR OF MONTANA

ARTICLE I

NAME

The name of the association is the State Bar of Montana.

ARTICLE II

ORGANIZATION

All persons admitted to the practice of law in the state of Montana are members of the State Bar of Montana. All such persons except judges of courts of record and those allowed inactive status by the by-laws, are active dues paying members. Membership in the State Bar of Montana is a condition to practicing law in this state. Non-payment of membership dues and assessments shall result in suspension of membership and the right to practice law until payment of all dues, assessments and penalties in the manner provided in the by-laws.

ARTICLE III

PURPOSES

The purposes of the State Bar of Montana are to aid the courts in maintaining and improving the administration of justice; to foster and maintain and require on the part of those engaged in the practice of law high standards of integrity, learning, competence, public service, and conduct; to safeguard proper professional interests of members of the bar; to encourage the formation, maintenance, and activities of local bar associations; to provide a forum for the discussion of and effective action concerning subjects pertaining to the practice of law, the science of jurisprudence and law reform, and relations of the bar to the public;

to provide for the continuing legal education of members of the bar; and to insure that the responsibilities of the legal profession to the public are more effectively discharged.

## ARTICLE IV

## POWERS

The State Bar of Montana may sue and be sued, enter into contracts and acquire, hold, encumber and dispose of real and personal property.

## ARTICLE V

## LOCATION OF OFFICES

The principal office and place of business of the association shall be in Helena, Montana, but the Board of Trustees may authorize offices to be located at other places within the state of Montana.

## ARTICLE VI

## OFFICERS

Officers of the State Bar of Montana shall include a president, president-elect, a secretary-treasurer and a chairman of the Board. The duties, powers, qualifications, nomination and election of officers shall be provided for in the by-laws.

## ARTICLE VII

## BOARD OF TRUSTEES

The State Bar of Montana shall be governed by a Board of twenty trustees, sixteen of whom shall be elected and four of whom shall be the President, the President-Elect, the immediate past President and the Secretary-Treasurer. The duties and powers of the Board and the qualifications, nomination and election of the sixteen elective members shall be provided for in the by-laws.

## ARTICLE VIII

## EXECUTIVE COMMITTEE

The Board of Trustees shall provide for an Executive Committee consisting of the President, President-Elect, the immediate past President, the Secretary-Treasurer, the Chairman of the Board of Trustees and four additional members of the Board of Trustees who shall be elected by the Board. The powers and duties of the Executive Committee shall be provided for in the by-laws.

## ARTICLE IX

## ANNUAL MEETING

There shall be an annual meeting of the members of the State Bar of Montana at such time and place as is designated by the Board of Trustees, and such other meetings as may be provided in the by-laws.

## ARTICLE X

## DISSOLUTION

Upon the dissolution of the association, the Board of Trustees shall after paying or making provision for the payment of all its liabilities, dispose of all of the assets of the association exclusively for the purposes of the association in such manner, or to such organization or organizations organized and operated exclusively for charitable, educational, religious, or scientific purposes as shall at the time qualify as exempt organization or organizations under the Internal Revenue Code of 1954 as the Board of Trustees shall determine. Any of such assets not so disposed of shall be disposed of by the district court of the county in which the principal office of the association is then located, exclusively for such purposes or to such organization or organizations, as said court shall determine, which are organized and operated exclusively for such purposes. In the event of dissolution of the association, no member shall be entitled to any distribution or division of its remaining property or its proceeds.

## ARTICLE XI

## AMENDMENT

Proposals for amendment or abrogation of provisions of this Constitution may be presented to the Supreme Court by (i) petition of the Board of Trustees; or (ii) petition of a regularly called meeting of the members of the association in respect to changes approved by a vote of a majority of members present.

## ARTICLE XII

## EFFECTIVE DATE

This Constitution shall be effective on March 1, 1975.

The following by-laws of the State Bar of Montana are adopted:

BY-LAWS OF THE STATE BAR OF MONTANA

ARTICLE I

MEMBERSHIP

Section 1.  Persons included in membership.  The membership of the State Bar initially shall consist of all those persons who on the effective date of the Constitution of the State Bar are licensed to practice law in this state, and after such effective date shall also include those persons who become licensed to practice law in this state; subject in each case to due compliance with the conditions and requirements of membership.  Residence in the state of Montana shall not be a condition of eligibility to membership in the State Bar.

Section 2. Enrollment.  Every person who becomes licensed to practice law in this state shall enroll in the State Bar by signing and filing in the State Bar office within ten days after admission to practice, a registration card containing the registrant's:

(a)  Full name.
(b)  Residence address.
(c)  Office address.  Location of principal office.
(d)  Date of admission to practice in Montana.
(e)  Date of admission to practice in any state or states other than Montana.
(f)  Date and place of birth; and in the case of a naturalized person the date and place of naturalization.
(g)  Name of law school and year of graduation.
(h)  Social security number.

Every change after enrollment in respect of any of the matters above specified shall be promptly reported to the State Bar offices. Communications from the association to any member shall be sent to the latest address furnished by such member.

Section 3.  Classes of membership.

(a)  The members of the State Bar shall be divided into three classes known respectively as "active" members, "judicial" members and "inactive" members.  The class of active members shall include all members of the State Bar except the judicial members and inactive members.  Judges of courts of record, and retired judges who are eligible for temporary judicial assignment and are not engaged in the practice of law shall be classed as judicial members.  The class

- 5 -

of inactive members shall include those persons who are eligible for active membership but are not engaged in the practice of law and have filed with the secretary of the association written notice requesting enrollment in the class of inactive members.

(b) Only active members may practice law. No individual other than an enrolled active member of the State Bar shall practice in this state or in any manner hold himself out as authorized or qualified to practice law.

(c) Only active members may hold office or vote in any election conducted by the State Bar.

(d) Any inactive member in good standing and any judicial member who is no longer serving in a judicial office may change his classification to that of an active member by filing with the State Bar office a written request for transfer to the class of active members and by paying the dues required of active members. No inactive member who has not actively practiced law in this state or in another state during the last ten years shall be transferred to active membership until the transfer shall be approved by the Supreme Court except a judicial member who is no longer serving in a judicial office shall be classified as an active member upon his written request.

(e) No judicial or inactive member shall practice law in this state or shall hold office or vote in any election conducted by the State Bar. No person engaged in the practice of law in this state in his own behalf or as an assistant or employee of an active member of the State Bar, or occupying a position the duties of which require the giving of legal advice or service in this state, shall be enrolled as an inactive member.

Section 4. Membership dues.

(a) Annual dues for each active member who has been admitted to practice in this state three years or more prior to the commencement of the fiscal year for which dues are payable, shall be $40.00. For all other active members, the annual dues shall be $25.00 except that the dues for those admitted to practice in this state for less than one year shall be $5.00. All active members shall pay, in

addition to membership dues and at the same time, an assessment of $10.00 for the client security fund, and an additional per capita assessment for premiums for a client security indemnity bond in such amount as shall be agreed upon between the Board of Trustees and a bonding company. All dues and assessments paid for the client security fund shall be paid to the State Bar. The dues shall constitute a fund for the payment of the expenses of the association. The payment made for the client security fund and indemnity bond shall be used for that purpose only. Dues are in addition to the annual license fee paid to the Clerk of the Supreme Court.

(b) The date for the payment of dues and assessments shall be July 1 of each year. The State Bar office shall mail statements of dues and assessments not less than thirty days prior to the due date to all members. A second notice shall be sent by certified mail return receipt requested to any member whose dues or assessments remain unpaid for sixty days after the due date. The second notice shall specify that said member will be suspended unless his dues and assessments are paid within thirty days from the date of mailing of such notice. The membership of any member who does not pay his dues and assessments within thirty days from the date of mailing of the second notice shall be suspended. No person whose membership is so suspended for non-payment of dues and assessments shall practice law during the period of such suspension.

(c) Dues first year of admission. When a person is first admitted to practice law in Montana he shall pay membership dues and assessments for the full fiscal year in which such admission occurs.

(d) Penalty for non-payment of dues and assessments.

(i) The names of all members suspended from membership for non-payment of dues or assessments shall be certified by the Executive Director to the Clerk of the Montana Supreme Court, to each judge of a court of record in this state, to the Clerks of the Federal District Courts for the state of Montana, to the Clerk of the 9th Circuit Court of Appeals and to the Clerk of the United States Supreme

Court after twenty (20) days written notice of intent to certify is sent to each suspended member by certified mail, return receipt requested.

(ii) Whenever a member so suspended for non-payment of membership dues or assessments makes full payment of the amount owing, and in addition thereto the sum of $20.00 for each delinquent payment of annual dues or assessments in arrears, he shall be reinstated as a member and the fact of such reinstatement shall be certified by the Executive Director to all parties to whom notice of suspension was sent. However, in the case of any person whose membership dues or assessments are in arrears for a period of three or more consecutive years, no application for reinstatement shall be granted unless ordered by the Montana Supreme Court. In case of hardship the Board of Trustees may order waiver of dues, assessments, or penalties.

(e) Voluntary resignation of membership. Whenever a member files with the State Bar office a written notice of such member's surrender of his license to practice law and the acceptance by the Supreme Court of his resignation in the State Bar, such person shall thereupon cease to be a member of the State Bar, and his name shall be removed from the membership register.

ARTICLE II

OFFICERS

Section 1. Titles, terms, qualifications.

(a) The officers of the State Bar shall be a President, a President-Elect, a Chairman of the Board of the Board of Trustees, and a Secretary-Treasurer. Only active members of the State Bar residing and practicing law in Montana shall be eligible to serve as and vote for officers of the association. The term of office of the President, President-Elect and Chairman of the Board of Trustees shall be one year. The term of the Secretary-Treasurer shall be two years. The term of each officer shall run until the qualification of his successor.

(b) The President-Elect shall at the expiration of his term as President-Elect succeed to the Presidency of the State Bar.

(c) Any active member who is a resident of Montana and practices law in this state may be nominated as a candidate for President-Elect or Secretary-Treasurer by a petition signed by not less than twenty-five members. Nominating petitions shall be filed with or mailed to the State Bar of Montana at least sixty days before the election date specified by the Board of Trustees. In the event that no member shall be nominated as President-Elect or Secretary-Treasurer, the Board of Trustees shall nominate one or more qualified candidates for such offices. Election of the President-Elect and Secretary-Treasurer shall be by secret ballot of all active members and the candidate receiving the greatest number of votes cast shall be elected. The mailing, return and canvass of the ballots shall be conducted in the same manner as provided for the election of Trustees.

(d) A Chairman of the Board of Trustees shall be elected by the Board from its elected members at the time of the annual meeting of the Association. He shall assume office at the conclusion of the annual meeting.

Section 2.   Duties of officers.

(a) President. The president shall be the chief executive officer of the association. He shall be a member-at-large of the Board of Trustees and a member of the executive committee. He shall preside at all meetings of the association and of the executive committee. He shall make the appointments to, and designate the chairmen of all standing committees; create and appoint special committees; and be a member, ex-officio, of every committee.

(b) President-Elect. The President-Elect shall be a member-at-large of the Board of Trustees and the executive committee; and he shall perform all other duties assigned to him by the President or Board of Trustees.

(c) Chairman Board of Trustees. The Chairman of the Board shall be a member of the executive committee. He shall preside at

all meetings of the Board of Trustees. He shall perform the duties of the President in the absence or disability of the President, and in the event of a vacancy in the office of President, he shall assume that office for the unexpired term.

(d) Secretary-Treasurer. The Secretary-Treasurer shall be a member-at-large of the Board of Trustees and a member of the executive committee. He shall confer with the Executive Director and the administrative staff of the State Bar as to

(i) The keeping of proper minutes and records.

(ii) The maintenance of correct membership files and mailing lists.

(iii) The general operation of the headquarters office.

(iv) The methods and procedures used in the receipt, collection and safe-keeping of all funds of the State Bar.

(v) The procedures for disbursement and audit of such funds. The Secretary-Treasurer shall assist the executive committee in preparing the annual budget and in presenting it to the Board of Trustees and make recommendations to the Board of Trustees as to the association's affairs, as required.

Section 3. Compensation. The officers of the association shall receive no compensation for their services, but shall receive reimbursement of their expenses as may be authorized and directed by the Board of Trustees.

Section 4. Commencement of term of office. The terms of all out-going officers of the association shall end and the terms of their successors shall commence at the conclusion of the annual meeting.

ARTICLE III

BOARD OF TRUSTEES

Section 1. Composition of Board. The affairs of the association shall be managed and directed by the Board of Trustees consisting of the three officers of the association and the immediate past-president of the association, all of whom shall be members-at-large of the Board, and sixteen members from the areas hereinafter designated. The rights and powers of the members-at-large of the Board

shall be the same as those of elected members. The Dean of the School of Law of the University of Montana, the Montana State Bar Delegate and the state delegate to the House of Delegates of the American Bar Association, President of the Montana Trial Lawyers Association or his designee, President of the Montana County Attorneys Association or his designee, and a Montana licensed lawyer designated by the Young Lawyers Section shall be entitled to floor privileges, but without a vote.

Section 2. State Bar areas. For the purposes of conducting elections of the members of the Board of Trustees, the state is divided into the following areas, with members of the Board to be elected from each area by the active members of the bar in such area:

| Area | Total Trustees | By Judicial District | |
|------|----------------|----------------------|---|
| A | 3 | Fourth | 2 |
|   |   | Eleventh | 1 |
| B | 2 | Second | 1 |
|   |   | Third & Fifth | 1 |
| C | 2 | Eighth & Ninth | 2 |
| D | 1 | Twelfth, Fifteenth, & Seventeenth | 1 |
| E | 3 | First | 2 |
|   |   | Sixth & Eighteenth | 1 |
| F | 1 | Tenth & Fourteenth | 1 |
| G | 3 | Thirteenth | 3 |
| H | 1 | Seventh & Sixteenth | 1 |

Section 3. Term-Qualifications-Nomination-Election.

(a) The term of office of each elected member of the Board of Trustees shall be two years, except that trustees from Areas A, B, C and D chosen in the first election under these by-laws shall serve for only one year. The term of office shall commence at the conclusion of the annual meeting of the association next following his election. No person shall be eligible to vote in an area for trustee or to serve on the Board of Trustees from an area unless he is an active member of the association and practices law and resides in such area. The eligibility of any person to serve as a member of the Board of Trustees from any State Bar area shall be contingent upon his maintaining his practice of law and residence in such area.

(b)  Nomination of each candidate to be elected to the Board of Trustees shall be by petition signed by ten active members residing in the candidate's area.  Nominating petitions shall be filed with or mailed to the State Bar office at least sixty days before the election date specified by the Board of Trustees.  In the event there is no petition to fill the office of Trustee in any area, the Board of Trustees shall nominate a qualified candidate or candidates for such office or offices.  The Executive Director shall mail written ballots containing the nominations for the office of Trustee for each area to every member residing in such area not less than thirty days before such election date.  Such ballots, in sealed envelopes, signed by the member, shall be mailed to the Executive Director not less than ten days before the specified election date.  A committee of not less than three members appointed by the President shall canvass the votes and record the votes thereof. The candidates receiving the greatest number of votes cast in each area shall be declared elected.

Section 4.  Powers and Functions.

(a)  The Board of Trustees shall have general charge of the affairs and activities of the association.  It shall:

(i)  Fix the time and place of the annual meeting of members of the association.

(ii)  Fix the date of election of officers and trustees.

(iii)  Make appropriations and authorize disbursements from the funds of the State Bar in payment of the necessary expenses of the association, its officers and committees.

(iv)  Cause proper books of accounts to be kept and to procure an annual audit thereof by a certified public accountant (a copy of the annual audit shall be filed with the Supreme Court).

(v)  Engage and define the duties of employees and fix their compensation.

(vi)  Arrange for publication of an official State Bar bulletin or journal.

(vii)  Receive, consider and take action on reports and recommendations submitted by committees, sections and the assembly of members of the association at any annual or special meeting.

(viii)  Fill vacancies however arising, in the membership of the Board of Trustees, or in any office except the office of President, and in each case the person appointed to fill such a vacancy shall hold for the unexpired term.

(ix)  Adopt regulations, not inconsistent with the association's Constitution and these By-Laws, for the orderly administration of the association's affairs and activities.

Section 5.  Meetings of Board of Trustees.

(a)  There shall be a regular meeting of the Board of Trustees in each year at the time of the annual meeting of members of the State Bar and during the months of April, September and December in each year.  The meetings in the months of April, September and December shall be on dates set by the Executive Committee.

(b)  Special meetings of the Board may be held at any time upon call of the President, and shall be called by him upon written requests signed by five members of the Board.  Notice of the time and place of regular and special meetings of the Board shall be given to each member by the Executive Director by mail or telephone at least five days before the meeting.  At any regular or special meeting of the Board any business may be transacted which is within the power of the Board, whether or not specified in the call or notice of the meeting.  Action of the Board may be taken without a meeting by mail or telephone vote.

(c)  A majority of the Trustees shall constitute a quorum.  Any Trustee who fails to attend two successive meetings of the Board of Trustees without good cause shall forfeit his office and the vacancy filled by the remaining members of the Board.  Good cause shall be determined by the Board.

(d)  A summary of the minutes of each meeting or of any mail or telephone action of the Board of Trustees shall be printed in the State Bar Bulletin with a notation that any interested person may obtain a copy of the minutes on request to the Executive Director.

Section 6. Compensation.  The members of the Board of Trustees shall receive no compensation for services to the association, but they and also the members of committees and the officers and directors of sections may, upon authorization of the Board of Trustees, be reimbursed for necessary expenses incurred in the performance of their duties.

## ARTICLE IV

### EXECUTIVE COMMITTEE

Section 1.  Members; selection.  There shall be an Executive Committee consisting of the President, President-Elect, the immediate Past-President, the Secretary-Treasurer, the Chairman of the Board of Trustees, and four additional members elected annually by the Board of Trustees from among its members at its meeting held at the same time as the annual meeting of the association.  A vacancy occurring in the elected membership may be filled by the Board of Trustees.

Section 2.  Powers and duties.  The Executive Committee may exercise all the powers and perform all the duties of the Board of Trustees between the meetings of the Board subject to ratification by the Board except the power to initiate the taking of any referendum or poll of members of the association.

The Executive Committee shall prepare an annual budget for submission to the Board of Trustees, and shall perform such other duties as the Board of Trustees may prescribe.

Section 3.  Meeting; quorum.  The Executive Committee shall meet at the call of the President, or at the call of the Executive Director upon the written demand of at least three of its members.  All members shall be given at least 48 hours notice by mail, or telephone of the time and place of any meeting.  Five members present at a meeting shall constitute a quorum.  Action of the Executive Committee may be taken without a meeting by mail or telephone vote. Any elected member of the Executive Committee who fails to attend two successive meetings without good cause shall automatically forfeit his office and the vacancy shall be filled by the Board of Trustees. Good cause shall be determined by the Executive Committee.

A summary of the minutes of each meeting of the Executive Committee shall be printed in the State Bar Bulletin, with a notation that any interested person may obtain a copy of the minutes upon request to the Executive Director.

## ARTICLE V

## YOUNG LAWYERS SECTION

There shall be a young lawyers section of the State Bar of Montana. Each member of the State Bar of Montana thirty-six years old or younger may be a member of this section.

## ARTICLE VI

## AMERICAN BAR ASSOCIATION DELEGATE

Any active member who is a resident of Montana and maintains an office for practice of law in this state may be nominated as a candidate for delegate to the House of Delegates of the American Bar Association by a petition signed by not less than twenty-five active members. Nominating petitions shall be filed with or mailed to the State Bar of Montana at least sixty days before the election date specified by the Board of Trustees. In the event that no member shall be nominated as delegate, the Board of Trustees shall nominate one or more qualified candidates for such office. Election of the delegate shall be by secret ballot of all active members and the candidate receiving the greatest number of votes cast shall be elected. The mailing, return and canvass of the ballots shall be conducted in the same manner as provided for the election of trustees.

## ARTICLE VII

## EXECUTIVE DIRECTOR

There shall be an Executive Director of the State Bar who shall be the chief executive officer of the administrative staff and in direct charge of the State Bar office, its records, property and equipment. The executive director shall be hired by the Board of Trustees under terms of employment and compensation fixed by the Board. He shall upon entering upon the duties of executive director give a surety bond to the State Bar of Montana for the faithful performance

of his duties, which bond must be approved by the President. Subject to the general control of the officers, executive committee, and Board of Trustees and as appropriate and consistent with the requirements of this constitution and the by-laws, he shall:

(a) Attend meetings of the executive committee and Board of Trustees, and keep and disseminate the minutes of such meetings.

(b) Collect, deposit and disburse the association's funds pursuant to the budget, and invest surplus funds at the direction of the executive committee.

(c) Maintain membership lists, and member files.

(d) Advise and assist the officers, trustees, sections and committees.

(e) Make the arrangements for association meetings.

(f) Perform such other duties as may be directed by the Board of Trustees or officers, or as prescribed by the State Bar's constitution or by these by-laws.

ARTICLE VIII

MEETINGS OF THE ASSOCIATION

Section 1. Annual meeting. There shall be an annual meeting of the members of the State Bar at such time and place as is designated by the Board of Trustees.

Section 2. Special meetings. Special meetings of the members of the State Bar of Montana may be held at such times and places as designated by the Board of Trustees. A special meeting may also be called upon a petition signed by not less than twenty percent of the members of the State Bar of Montana.

Section 3. Notice of meetings. At least fifteen days written notice shall be given for all special meetings of the State Bar of Montana and at least thirty days notice shall be given for the annual meeting of the State Bar of Montana.

Section 4. Powers of annual meeting. At any annual or special meeting of the State Bar of Montana the members present shall constitute a quorum and, by a majority vote of those present, may modify or rescind any action or decision of the Board of Trustees and

may also instruct the Board as to future action and the Board shall be bound by any such action. The right aforesaid to direct, modify or rescind an action of the Board shall not include the power to invalidate payments previously made under the direction of the Board.

Section 5. Conference for members. At each annual meeting the officers and executive committee shall include in the printed program a time and place at which any member of the State Bar shall have an opportunity to confer with the officers and the executive committee and present any complaints or suggestions for the improvement of the State Bar.

## ARTICLE IX

## STANDING COMMITTEES

### Section 1. Appointment and removal.

(a) Appointment. Number of members. Term. Each of the standing committees shall consist of nine members. The members of each such committee shall be appointed by the president for a term of three years, so arranged that the term of office of only one-third of the members shall expire in any year. The chairman of each committee shall be designated by the president for a term of one year. A vacancy in any committee shall be filled by appointment by the president for the unexpired term. Members of committees shall serve until the appointment of their respective successors. A majority of the members of any committee shall constitute a quorum for the transaction of business. Each committee shall keep a record of its meetings and proceedings and shall submit an annual report to the Board of Trustees. The Board of Trustees may assign powers or duties to any standing committee in addition to those initially prescribed for the committee.

(b) Removal for non-attendance. After two consecutive non-excused absences from meetings of any committee, the chairman of the committee shall report said absences to the president. The president shall thereupon notify such member of his removal from the committee, and appoint a replacement for the balance of the term of office.

Section 2. Committees created. The Board of Trustees, by majority vote, shall create the committees of the State Bar and prescribe their powers and duties.

ARTICLE X

SECTION ORGANIZATION AND ACTIVITIES

Section 1. Establishment of sections. The Board of Trustees may establish, consolidate and discontinue sections. Upon approval of an application for the establishment of a new section, the Board of Trustees, by a vote of a majority of its members, may establish such a section dedicated to a field of law not committed to any other section. Every application to the Board of Trustees for the establishment of a section shall set forth:

(a) The field of law to which the proposed section is to be dedicated, which shall be within the purposes of the State Bar and outside the field of law committed to any existing section.

(b) A statement of the need for the proposed section.

(c) The proposed by-laws for the government of such section.

(d) The name of the several committees, if any, of the proposed section.

(e) A list of members of the association who have signified their intention of applying for membership in the proposed section. An application for the consolidation of existing sections shall set forth the information required in the case of an application for establishing a section. Such an application may be granted by the Board of Trustees in its discretion, by a vote of a majority of the members. A section may be discontinued by a vote of a majority of the Board of Trustees, but only after notice by mail to the members of said section.

Section 2. Membership of sections. Any member of the State Bar shall be entitled at his election to enroll in any section.

Section 3. Section officers and council. Each section shall have a chairman and council and such other officers as the section by-laws may provide. The council of a section shall consist of the officers ex-officio and such other members as may be provided in the by-laws. No change in the by-laws of any section shall be effective until approved by the Board of Trustees.

Section 4.  Section dues.  The members of any section may be required to pay section dues in such amount and for such purposes as the section, with the approval of the Board of Trustees, may determine.  The dues shall be paid to the State Bar office.

Section 5.  Section meetings.  The officers and council of each section shall arrange for meetings of the section in conjunction with the annual meeting.  Special meetings may be held at such times and places as the section council officers may determine.

Section 6.  Reports.  Each section shall submit to the Board of Trustees prior to the annual meeting of the association in each year a report of the activities of the section.

Section 7.  Expenses.  Expenditures out of the dues of sections shall be made only by direction of the council of the section; and the State Bar shall pay out of such dues only such amounts as the chairman of the section shall certify to have been so authorized.

## ARTICLE XI

### CLIENT SECURITY FUND

The Board of Trustees shall establish a client security fund and provide rules of procedure for its administration.  The Board may purchase a client security indemnity bond for additional client protection.

## ARTICLE XII

### OFFICIAL PUBLICATION: NOTICE TO MEMBERS

(a)  The Montana State Bar Bulletin shall be the publication of the State Bar of Montana.  All official notices shall be published therein and such publication shall constitute notice to all members.  The Bar Bulletin shall be mailed to all members at their address of record.

(b)  A financial statement showing assets, liabilities, receipts and disbursements of the State Bar shall be published in the State Bar Bulletin prior to the annual meeting.

# ARTICLE XIII

## REFERENDUM PROCEDURE

**Section 1. Trustees may initiate.** The Board of Trustees may at any time, by the affirmative vote of two-thirds of its membership, refer to the active members of the association for a determination by mail ballot, any question of association policy.

**Section 2. Annual or special meetings may initiate.** The Board of Trustees shall, in like manner, submit for determination by the active members of the association, any question of association policy, including proposed changes in the constitution or by-laws of the association, whenever directed so to do by resolution adopted at any regularly called meeting of the membership by the affirmative vote of a majority of those voting.

**Section 3. Members may initiate by petition.** The Board of Trustees shall, in like manner, submit for determination, by the members of the association, of any question of association policy, including proposals for changes in the constitution or by-laws, whenever directed so to do by a petition signed by not less than ten percent of the active members of the association.

**Section 4. Procedure.** Ballots for use in any such referendum shall be prepared, distributed, returned and counted in accordance with regulations prescribed by the Board of Trustees. The result of the referendum, as determined by a majority of the votes cast, when duly ascertained, shall be published by the Board of Trustees in the official Bar Bulletin, and shall control the action of the association, the Board of Trustees, the officers, sections and committees.

# ARTICLE XIV

## CANONS OF PROFESSIONAL ETHICS

The rules of professional conduct set forth from time to time in the Canons of Professional Ethics of the Supreme Court, as it may be supplemented or modified by the Court, shall be the standards governing the practice of law in this state.

ARTICLE XV

AMENDMENT

(a) These by-laws may be amended or repealed at any annual or special meeting of the State Bar by a majority vote of the members present, provided notice setting forth the proposed amendment shall be given all members in the notice of the meeting.

(b) The Board of Trustees shall review the by-laws every three years, solicit opinions of the members relative to proposed amendments and report to the members present at the annual meeting in that year.

ARTICLE XVI

FIRST ELECTION

The first election of officers and a Board of Trustees under these by-laws shall be held under the direction of the Supreme Court in accordance with the by-laws.

At the first election a president shall be nominated and elected in the same manner as the president-elect in accordance with Article II(c). The officers and trustees first elected shall assume office on election day and shall immediately select a site and date for the first annual meeting of the association. The terms of office of officers first elected shall expire at the conclusion of the second annual meeting.

ARTICLE XVII

EFFECTIVE DATE

These by-laws are effective on March 1, 1975.

The following implementation schedule, which differs from the by-laws in notification time requirements for the election process, is adopted:

| March 1, 1975 | Effective date of Constitution and By-Laws. |
|---|---|
| March 1, 1975 | Notification, registration forms, and nominating petitions sent to all members of Unified Bar. |

- 21 -

| | |
|---|---|
| April 1, 1975 | Deadline for filing nominating petitions with Supreme Court. |
| April 15, 1975 | Ballots mailed to all members by Supreme Court. |
| May 1, 1975 | Deadline for returning voted ballots to Supreme Court. |
| May 10, 1975 | First Election date. |
| May 15, 1975 | Organizational meeting -- Board of Trustees transfer of Montana Bar Association assets to Unified Bar. Hiring of staff. Calling of first annual meeting of Unified Bar. |
| May 20, 1975 | Mail notice of first annual meeting. |
| June 1, 1975 | First mailing of dues notices for 1975-1976 fiscal year. |
| June 21, 1975 | Convention and first regular Board meeting. |
| July 1, 1975 | Due date for dues. |
| Sept. 1, 1975 | Second dues notice. |
| Oct. 1, 1975 | Suspension for unpaid dues. |
| Oct. 21, 1975 | Notice of suspension sent to courts. |

A copy of this Order shall be mailed to each currently licensed attorney appearing in the records of the Clerk of the Supreme Court.

DONE this 23rd day of January, 1975.