PETITION OF WILLIAM DEE MORRIS.

No. 12616.
Jan. 18, 1978.
575 P.2d 37.

ORDER

PER CURIAM:

This case involves an original proceeding in this Court by petitioner William Dee Morris to test the efficacy, constitutional legality, and beneficial application of this Court's order and opinion of January 29, 1974, unifying the Montana Bar.

The State Bar of Montana filed a motion to dismiss the petition on the ground that it fails to state a claim upon which relief can be granted. The State Bar of Montana also filed an answer to the petition in the event its motion to dismiss was not granted.

Both parties submitted written briefs in support of their respective positions and orally argued their respective contentions before this Court on January 10, 1978. Thereafter the cause was submitted to this Court for decision.

The order and opinion of the Court unifying the Bar of Montana appears in 163 Mont. 523, 518 P.2d 32. It contains a review of prior applications for unification and the arguments of proponents and opponents of unification in this state. All attorneys in this state, including petitioner herein, were given notice of the proceeding and afforded an opportunity to file objections to unification in writing and many attorneys appeared by oral argument both for and against unification.

Thereafter this Court entered its order implementing unification of the Bar of Montana and adopting a constitution and by-laws. *In re the Unified Bar of Montana* (1975), 165 Mont. 1, 530 P.2d 765. Among other things, the by-laws provided for compulsory membership and dues payable by active practicing attorneys in Montana and suspension of such attorneys for nonpayment of dues.

Petitioner admits he is not an indigent but claims the right to practice law without payment of annual dues to the State Bar of Montana. He admits nonpayment of dues but challenges his suspension by reason thereof. He alleges continuous payment since 1957 of the statutory annual license fee of $10.00.

In his own words, the ultimate thrust of petitioner's action "* * * is designed to prove that the citizens of this State receive no benefit from the Bar being integrated" and accordingly this Court's order of January 29, 1974 unifying the Montana Bar "* * * has no foundation in Its lawful exercise of Police Power inherent within It historically and by the Montana Constitution". In a nutshell, petitioner contends that this Court's order unifying the Montana Bar constitutes an unlawful delegation of this Court's powers to the

State Bar of Montana, violates "due process", and deprives him of his inalienable right to earn a living.

These arguments were previously considered and decided adversely to petitioner in *Application of Montana Bar Ass'n President* (1974), 163 Mont. 523, 518 P.2d 32.

■ The power of this Court to order unification of the bar is clear. *In re Unification of the Montana Bar Ass'n* (1939), 107 Mont. 559, 87 P.2d 172; *In re Unification of the Bar of this Court* (1947), 119 Mont. 494, 175 P.2d 773; *Application of the Montana Bar Ass'n* (1962), 140 Mont. 101, 368 P.2d 158; *Application of the Montana Bar Ass'n* (1963), 142 Mont. 351, 385 P.2d 99; *In re Petition for the Unification of the Montana Bar* (1971), 156 Mont. 515, 485 P.2d 945; *Application of Montana Bar Ass'n President*, supra.

■ Consitutional guarantees of "due process' are not violated by unification of the bar, *Lathrop v. Donohue* (1961), 367 U.S. 820, 81 S.Ct. 1826, 6 L.Ed.2d 1191.

■ An individual has no inalienable right to earn a living practicing law. It is neither a vested right nor a property right. *Application of Montana Bar Ass'n President*, supra. (Cases cited therein.) The practice of law is a privilege burdened with conditions. *In re Rouss* (1917), 221 N.Y. 81, 116 N.E. 782, granted with approval in *Theard v. United States* (1957), 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342.

The petition herein fails to set forth any change of circumstances since this Court's change of circumstances since this Court's order of unification or any factual basis or reason for reconsideration or departure from our decision of January 29, 1974, unifying the Bar of Montana. To the contrary, we observe many benefits to the public in its activities which are made possible by compulsory membership, participation and payment of dues by all practitioners, specifically the client security fund, the fidelity bond, and continuing legal education programs as examples.

■ Accordingly, Mr. Morris' petition is barred by familiar principles of stare decisis, res judicata and collateral estoppel. As

we observed in 1975 in connection with an attempt to relitigate an issue decided previously:

"By brief and in oral argument before the Court, in the instant proceedings, petitioners have failed to demonstrate any sufficient reason for this Court to overturn its Construction of Article VII, Section 2(3), 1972 Montana Constitution, and further failed to demonstrate why this Court should depart from the time honored rule that questions once presented and decided should be considered settled.

"* * *

"* * * the petitions are denied and ordered dismissed." *Matter of McCabe* (1975), 168 Mont. 334, 544 P.2d 825.

For the foregoing reasons, the petition fails to state a claim on which relief can be granted and the motion of the State Bar of Montana to dismiss the petition is granted. We suggest, however, that the State Bar examine its termination procedures from the standpoint of affording prior notice and an opportunity to be heard at the administrative level.