DONALD A DOUGLAS, FOR HIMSELF AND FOR OTHERS OF A CLASS SIMILARLY INTERESTED, PLAINTIFFS AND APPELLANTS, *v.* THE STATE BAR OF MONTANA ET AL., DEFENDANTS AND RESPONDENTS.

No. 13644.
Submitted May 26, 1977.
Decided April 19, 1978.
598 P.2d 1078.

See also Mont. 598 P.2d 1080.

Donald A Douglas, argued, Helena, for appellant.

Hughes, Bennett & Cain, Alan F. Cain, argued, Helena, for respondent.

MR. JUSTICE SHEA delivered the opinion of the Court.

Plaintiff appeals from an order of the Lewis and Clark County District Court dismissing a complaint filed by plaintiff against the State Bar of Montana (Unified Bar of Montana) for lack of jurisdiction over the subject matter. In the event the order of dismissal is affirmed, plaintiff asks, in the interests of justice, that this Court consider his appeal as an original proceeding filed in this Court.

Plaintiff filed this action in his own behalf and as a class action on behalf of other members of the State Bar of Montana similarly situated. Plaintiff paid the State Bar of Montana $100 under protest, as dues for the fiscal year ending June 30, 1976. He contends that the bar fee was illegally raised from $40 to $100, and he therefor seeks a refund of $60 plus interest on that amount from the date paid.

After the complaint was filed, the District Court ordered publication of notice of the action, apparently intended to reach other attorneys who had paid under the same or similar circumstances. However, before publication was completed, the State Bar of Montana appeared and filed a motion to dismiss. The District Court stayed its order of publication of notice of the action. The District Court heard the motion to dismiss and ruled that it did not have jurisdiction over the subject matter of the complaint.

The sole issue on appeal is whether the District Court had jurisdiction over the subject matter of this action. It is the contention of the State Bar of Montana that only this Court had jurisdiction because two orders of this Court are at issue, one in apparent conflict with the other.

The following facts gave rise to plaintiff's assertion that the State Bar of Montana illegally raised the dues of its members. On January 29, 1974, this Court held that it had power to order unification of the state bar association and entered its order accordingly. *Application of Mont. Bar Ass'n President* (1974), 163 Mont. 523, 518 P.2d 32. In that order this Court declared:

"(c) All persons now or hereafter admitted to practice law before the Supreme Court of this state, excluding judges of courts of record, are declared to be active members of the Unified Bar of Montana. Each active member shall pay the annual attorney license fee provided by law *and shall pay such membership dues in the Unified Bar of Montana as are approved by the Montana Supreme Court and contained in the by-laws.* Nonpayment of membership dues shall result in suspension of membership and the right to practice law until payment." (Emphasis added.) 163 Mont. 527, 518 P.2d 34.

This order also directed that an organizational committee be named to draft a proposed constitution of the Unified Bar and also to draft "* * * proposed by-laws in conformity herewith * * *." The information was directed to be filed with this court "* * * *for approval* not later than December 1, 1974." (Emphasis added.) 163 Mont. 528, 518 P.2d 34.

The proposed constitution and by-laws were submitted to this Court and approved by an order dated January 23, 1975. The first sentence of this order stated:

"The following order implements Unification of the Bar of Montana; adopts a constitution and by-laws; and provides an implementation schedule."

Article I, Section 4(a), By-laws of the State Bar of Montana, provided a dues schedule of $40 per year for active members admitted to practice in this state three years or more; $25 per year for those admitted to practice in this state one year or more; and $5 per year for those admitted to practice in this state for less than one year. The amendment process for the by-laws was contained in Article XV(a), By-laws, which stated:

(a) These by-laws may be amended or repealed at any annual or special meeting of the State Bar by a majority vote of the members present, provided notice setting forth the proposed amendment shall be given all members in the notice of the meeting."

On May 15, 1975, the Board of Trustees of the State Bar of Montana held its organizational meeting in Helena. They adopted a res-

olution to amend the by-laws to increase the annual dues of its members in the following manner: (1) from $40 to $100 for active members admitted to practice for five or more years; (2) from $40 to $60 for active members admitted three to five years; (3) from $25 to $60 for active members admitted two to three years; (4) from $5 to $40 for active members admitted one year or less; and, (5) requiring $40 dues from inactive members.

On May 20, 1975, the trustees (through their executive secretary) mailed notice of the proposed change in dues (by amending the by-laws) to all members of the State Bar. On June 20-21, 1975, the State Bar of Montana held its first annual meeting at Big Sky, Montana. During the business meeting a majority of members present approved the amendment to the by-laws increasing the dues. The amendment was effective for the fiscal year beginning July 1, 1975, and ending June 30, 1976. Following the meeting, all active and inactive members were notified of the amendment and billed accordingly.

Upon receiving his notice of increased dues, plaintiff Douglas paid $100 under protest and filed the present action in District Court. He seeks a refund of $60 plus interest and the same or similar relief for other members of the class—i.e., all other members of the State Bar of Montana. Plaintiff estimates the total amount to be refunded to be in excess of $50,000.

Plaintiff rests his argument on the January 29, 1974 order of this Court which provided that bar must pay only such dues "* * * as are approved by the Montana Supreme Court and contained in the by-laws * * *." In the same breath, however, he contends his action is merely one for conversion and therefore the validity of this Court's orders are not in issue. The State Bar contends, on the other hand, that plaintiff is actually seeking to have the amendment provisions of the 1975 order declared invalid because they conflict with the 1974 order. Accordingly, it contends only this Court has jurisdiction to determine the validity of plaintiff's complaint.

Unless the 1975 by-laws amendment process, contained in the January 23, 1975 order of this Court, is declared to be invalid

because of conflict with the January 29, 1974 order, we fail to see how plaintiff hopes to prevail. It is obvious plaintiff was asking the district court to declare the 1975 order of this Court invalid. For this reason, we conclude that the District Court was correct in dismissing plaintiff's complaint for lack of jurisdiction over the subject matter.

■ We turn next to plaintiff's request that we consider his appeal as an original proceeding in the event we affirm the District Court's order dismissing his complaint.

It is clear that the order of January 29, 1974 and the order of January 23, 1975 are conflicting. In the 1974 order we declare that we retain the power to approve or disapprove proposed dues increases. In the 1975 order we indirectly gave the State Bar of Montana unilateral control over dues increases. All that is required by the 1975 order is that the by-laws be amended to increase dues and it is then an accomplished fact, provided of course, that the membership agrees.

Since the issuance of both orders at issue here, the membership of this Court has changed. It appears a major opposition to the Unified Bar of Montana was a fear of dues increases not approved by this Court. It would appear that this was one reason for our statement in the 1974 order retaining the power to approve or disapprove dues increases. However, by issuing the 1975 order adopting the constitution and by-laws substantially as presented to this Court by the organizational committee, we may have handed authority over dues increases to the Unified Bar.

To resolve this issue, we will treat plaintiff's complaint as an original proceeding seeking a declaratory judgment. We accept original jurisdiction. Defendant State Bar of Montana is ordered to file an answer or other responsive pleading within 20 days of the date this opinion is issued. We also waive the rules of appellate civil procedure as to filing deadlines and order plaintiff to submit a brief within 10 days of the time he receives defendant's responsive pleadings; defendant shall have 10 days thereafter in which to serve its brief; and plaintiff will have 5 days thereafter in which to

file a reply brief. Thereafter, the matter will be scheduled for oral argument.

Except as herein noted, the judgment of the District Court is affirmed.

MR. CHIEF JUSTICE HASWELL and JUSTICES HARRISON and DALY concur.