No. 13644

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

DONALD A. DOUGLAS, for himself and
for others of a class similarly interested,

Plaintiffs and Appellants,

-vs-

THE STATE BAR OF MONTANA et al.,

Defendants and Respondents.

Appeal from: District Court of the First Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellants:

Donald A. Douglas argued, Helena, Montana

For Respondents:

Hughes, Bennett and Cain, Helena, Montana
Alan F. Cain argued, Helena, Montana

Submitted: October 10, 1978

Decided: AUG - 9 1979

Filed: AUG - 9 1979

Thomas J. Kearney

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

This is an original action for declaratory judgment whereby the plaintiff seeks to nullify action taken by the State Bar of Montana in June 1975, voting at its annual meeting to increase the annual dues of its active and inactive membership. The background of this case has already been set forth in Douglas v. State Bar of Montana et al. (1978), _____ Mont. _____, _____ P.2d _____, 35 St.Rep. 510. There we set forth the factual background giving rise to plaintiff's claim and determined that although the District Court did not have jurisdiction to hear the matter we would treat the matter as an original petition for declaratory judgment.

In Douglas, we noted that an order of this Court dated January 29, 1974 was in conflict with an order dated January 23, 1975, wherein we inadvertently passed control over bar dues to the State Bar of Montana. By the 1975 order, all that is required is that bylaws of the State Bar of Montana be amended with the approval of the membership at its annual meeting, and a dues increase then becomes an accomplished fact. We also noted in Douglas that we did not see how plaintiff could prevail unless this Court declared that its January 23, 1975 order was invalid. In the present petition therefore, plaintiff adds an argument that in any event the vote of the membership in June 1975 increasing the annual dues was invalid because the State Bar of Montana had failed before such meeting, to publish a financial statement of the State Bar.

We note first that for purposes of this action, we deem the 1975 order of this Court to be controlling. Accordingly, the dues increase voted upon by the membership and without the approval of this Court, was proper. Nor do we believe that it is proper to nullify the action of the membership because the financial statement of the State Bar was not published before the annual meeting.

Plaintiff argues that membership must be notified (as provided for in Article VIII,/3 Section of the bylaws of the State Bar) at least 30 days in advance of when and where the annual meeting was to take place. A proper notice was given in this case, and the notice also advised the membership that a proposed amendment to change the bylaws to increase annual membership dues was on the agenda. Plaintiff does not deny he had notice of this meeting. What he argues, however, is that the membership could not intelligently vote on the proposed amendment because it had no knowledge of the financial condition of the State Bar at the time the vote was taken. Article XII(b) of the bylaws states: "A financial statement showing assets, liabilities, receipts and disbursements of the State Bar shall be published in the State Bar Bulletin prior to the annual meeting."

Because this statement was not published in the State Bar Bulletin before the annual meeting, plaintiff argues that the vote on the proposed dues increase was a nullity.

Plaintiff had notice of the annual meeting, and notice that a proposed dues increase was on the agenda, but failed to attend. The State Bar admits that it failed to publish the financial statement before the annual meeting but explains it as being caused by the short time period between the transfer of assets from the former Montana State Bar Association (the nonunified bar association) to the present State Bar of Montana (the unified bar association). A vote was taken in Helena on May 15, 1975 by the Board of Trustees to transfer its assets to the State Bar of Montana. At the same meeting, the trustees adopted a resolution to increase the annual dues of its membership by amending the bylaws. Kent Parcell, the executive secretary of the organization told the trustees that the Bar was "in sound financial shape." Four days later, on May 19, 1975, a notice was

-3-

published in the Montana Bar Bulletin notifying all Montana lawyers that the annual meeting would take place at Big Sky, Montana, on June 20 and 21, 1975, and that one of the items on the agenda was a proposal to amend the bylaws so that annual dues could be increased. The State Bar argues that there was not enough time between May 15, 1975 and May 20, 1975 to gather and publish the financial statement of the State Bar of Montana. Thirty-six days elapsed between the transfer of the assets and the actual commencement of the State Bar meeting at Big Sky.

There is certainly some connection between the financial condition of the State Bar and the necessity or desirability to increase the annual dues of its membership. But we do not believe that the failure to do so, under the circumstances here, is cause to nullify the action of the majority of those voting at Big Sky, to increase the annual dues of its active and inactive membership. Arguments pro and con were presented at the convention, and the vote to increase the dues prevailed. By our order of January 23, 1975, we authorized such action, and we see no reason to undo that action now.

The problem however, of future dues increases, continues to fester. We noted in the first Douglas case that a significant opposition to a unified bar in this state was prompted by a fear that fees would be increased without a vote of the full membership. These people did not want their dues increased solely by a vote of those attending the annual bar convention meeting. This, indeed, was one of the reasons for our 1974 order wherein we specifically reserved the right to approve or disapprove of membership dues. This Court realized that often members cannot afford to, or for some other reason cannot or will not attend the annual meetings. Nonetheless, they should have a voice in determining whether their annual dues are to be increased. Presently, the voice is limited to those who attend the annual meetings.

-4-

We also noted in the first Douglas opinion that this Court inadvertently passed control over dues increases to the State Bar of Montana. That was something this Court did not intend to do. As far as the future is concerned, it should not stand unrectified. By retaining the authority to approve or disapprove of annual dues increases in this Court, the entire membership will have an opportunity to register their approval or disapproval. Clearly, the entire membership should have a say.

We cannot grant relief to the plaintiff in this case. However, this Court will, by appropriate order, reinstate our authority to approve or disapprove of future dues increases. The State Bar of Montana will be instructed to take appropriate action to comply with the order of this Court.

Except as herein noted, the relief requested by plaintiff is denied. The cause is ordered dismissed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

-5-

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 13644

DONALD A. DOUGLAS, for himself and
for others of a class similarly interested,

Plaintiffs and Appellants,

vs.

THE STATE BAR OF MONTANA, et al.,

Defendants and Respondents.

ORDER

IT IS ORDERED that the following correction be made

on page 3, line 19 of the above Opinion of the Court:

"that a proposed dues increase was on the
agenda, but failed to attend.. . ."

SHOULD READ:

"that a proposed dues increase was on the agenda.. . ."

DATED this _9_ day of August, 1979.

_____
Chief Justice

_____

_____
Justices

FILED
AUG 9 - 1979
Thomas J. Kearney
CLERK OF SUPREME COURT
STATE OF MONTANA