JUSTICE ERDMANN
specially concurring.
I join in the majority’s opinion on Issues 1, 3, 4, and 5. I write separately in order to state that my concurrence on Issue 2 is limited to the final result as I cannot agree with the Court’s reasoning and analysis with respect to the nature of the right at issue in this case.
The State failed to present evidence that Wadsworth’s activities as a private real estate appraiser had in fact harmed the DOR or undermined the public’s confidence in the tax appraisal system. I would therefore affirm the District Court’s determination that Wadsworth’s discharge was wrongful based on the fact that the State failed to provide any evidence to support its conflict of interest allegation. The State’s speculation that a conflict of interest existed *312 was not sufficient reason to terminate Wadsworth’s employment and the jury’s verdict was proper.
With that said, however, I do not agree with the majority’s conclusion that Wadsworth has a fundamental right to pursue a particular job. The majority finds a fundamental right in the right to pursue employment in order to pursue life’s basic necessities. The majority, however, fails to construe the meaning of “life’s basic necessities.” In fact, there was no discussion in the majority opinion as to whether Wadsworth’s second job was needed in order for him to obtain these basic necessities. Life’s basic necessities cannot and should not be an infinite term. One person’s necessity can be another person’s luxury. The right to pursue employment is fundamental to the extent that employment provides those necessities.
In the majority’s opinion, Wadsworth has successfully evaded his responsibility of limiting his right to the basic necessities. In fact, Wadsworth failed to produce any evidence as to the basic necessities of which he was deprived. A more plausible right encompassing Wadsworth’s right to pursue employment would therefore be his right to acquire property. The right to acquire, possess, and protect property is also an inalienable right. Mont. Const, art. II, § 3. However, the right to pursue a particular job in order to acquire property is not fundamental.
The majority distinguishes the right to pursue employment generally as a necessary incident of the fundamental right to pursue life’s basic necessities from a right or property interest in any particular job or employment. Absent a specified term of employment, this Court has held that an employee does not have a property interest in a particular job. Boreen v. Christensen (1994), 267 Mont. 405, 420, 884 P.2d 761, 770. Nor should a right to acquire property impart a fundamental right to pursue employment in a particular job. In this respect, I see no significant difference in the right to hold a particular job and the right to pursue a particular job.
In Cecil v. Allied Stores (1973), 162 Mont. 491, 513 P.2d 704, nonretail sellers claimed a legislative act that denied them the right to charge the same finance charges as retail sellers was a violation of their constitutionally protected right to acquire property. Similar to the present case, the plaintiffs in Cecil argued that the act inhibited their ability to make money so that they may acquire property. This Court held that so long as the legislative classifications of the act are constitutional, it does not violate the right to acquire property. Cecil, 513 P.2d at 710.
*313 As for the right to pursue a particular job, this Court has held that the practice of certain professions is not a fundamental right. Petition of Morris (1978), 175 Mont. 456, 458, 575 P.2d 37, 38. In Morris, the petitioner claimed that unification of the bar deprived him of his inalienable right to earn a living. Morris, 575 P.2d at 38. The Court held “[a]n individual has no inalienable right to earn a living practicing law. It is neither a vested right nor a property right. The practice of law is a privilege burdened with conditions.” Morris, 575 P.2d at 38 (citation omitted). The practice of real estate appraising is similar to the practice of law in that both provide a needed service that is regulated by a professional board and is subject to certain educational and ethical standards. See Rule 8.57.413, ARM; Application of Montana Bar Ass’n Pres. (1974), 163 Mont. 523, 525, 518 P.2d 32, 33.
Finally, the inalienable rights set forth in our constitution’s declaration of rights impart corresponding responsibilities. Mont. Const, art. II, § 3. Delegates to the 1971-72 Constitutional Convention expressed concern that people were accepting rights without recognizing that they create obligations. The convention committee concluded that the inclusion of such a statement would not infringe or impair the rights granted in the Declaration of Rights but would only accord a tone of responsibility to their exercise. Mont. Const. Conv. (1971-72) vol V, 1637. In this case, the majority has failed to acknowledge any corresponding responsibility on the part of Wadsworth in exercising his rights.
I would have found that Wadsworth did not have a fundamental right in pursuing a second job as a real estate appraiser. Therefore, the analysis of Wadsworth’s pursuit of that particular employment should not be subject to strict scrutiny but scrutiny of a lesser degree.